Rubon et al. *v.* Stephan et al.

---

HELENA RUBON et al. *vs.* CHRISTIAN STEPHAN et al.

It is the practice in such cases as the present, that the judgment be entered for the debt, to be discharged by the damages assessed by the jury.

The difference between the cash value of the property in 1842, and the amount it brought at the sale, with interest on such difference, is the amount of dam-

/ ages which should be recovered, and that should in no instance exceed the penalty of the bond.

The bill was dismissed, and this was in effect a dissolution of the injunction.

IN error from the circuit court of Adams county; Hon. Stanhope Posey, judge.

This was an action of debt upon an injunction bond brought by Helena Rubon, Caroline Stith, and John Brues, against Christian Stephan and Edward Dixon. The action was founded on an injunction bond given by the defendants and one John B. Dixon, deceased, in the penalty of $5,000, dated April, 1842. The breach assigned in the declaration is, "that the said Christian Stephan did not prosecute his said injunction with effect, but wholly failed therein, whereby plaintiffs were damaged to $5,000;" also, "that defendants have not paid said damages, but have wholly refused," &c.

First plea, filed at November term, 1846, was payment of the $5,000, according to the tenor and effect of the bond, before suit brought. No service of the writ was ever had on Stephan. The injunction bond was dated 26th April, 1842. The condition is, that "whereas the above bound Christian Stephan, John B. Dixon, and Edward Dixon, having obtained from the Honorable Robert H. Buckner, Chancellor of the State of Mississippi, an injunction enjoining and restraining the said Rubon and Stith from selling certain property named in a deed of trust executed by John Brues and Charlotte, his wife, on the second day of January, 1837, to said Caroline Stith, as trustee, for the benefit of said Helena Rubon, which deed of trust is recorded in the clerk's office of the probate court of Adams county, State aforesaid, in book Y, page 188. Now if the said Christian Stephan, in case he should fail to prosecute his said injunction with effect, shall satisfy and pay any damages that may accrue from the issuing of said injunction, and abide by the decision of the said chancery court, then this obligation shall be void; otherwise the same shall remain in full force and virtue."

Second plea, by Dixon, April term, 1847, prays oyer of the bond, and says that no damages whatever have accrued, and that said Stephan hath not failed to abide by the decision of

Rubon et al. *v.* Stephan et al.

said chancery court. To said plea a demurrer was sustained, and leave to answer over.

At November term, 1847, the cause was dismissed as to Stephan not served, and a juror withdrawn and nonsuit entered. On motion, the nonsuit was set aside at cost of plaintiffs, and leave given to amend the declaration.

Third plea filed by Dixon. That the said Stephan did prosecute his said injunction with effect, nor did he fail therein, as charged, &c.

At May term, 1849, death of plaintiff Brues, suggested and action dismissed as to him. Trial, and a verdict in favor of defendant Dixon.

There was a motion for new trial, which was overruled.

The evidence is, that the original bill in chancery, filed by Stephan April 22, 1842, states a purchase by Brues January 2, 1837, of Helena Rubon, of a lot in Natchez; that he gave two notes, and on the 1st January, 1840, executed a deed of trust to Caroline Stith, to secure the payment. That Helena Rubon assigned her interest in the deed of trust to Caroline Stith on October 8, 1838. On May 1, 1840, John Brues leased the property to Christian Stephan, on a lease for five years, and Stephan went into possession under the lease. On the 20th October, 1840, Stephan leased to T. Alexander for five years. The lessees were to improve the property, then in a ruinous condition from the tornado of May, 1840, and did, in fact, put on improvements to the value of $3,500; that these leases and improvements were known to said Rubon and Stith, and the possession for five years was the inducement to make them; that Helena Rubon consented to the lease, and agreed to receive her interest from Alexander, and Stephan has always been ready to pay it; that Stephan has, in fact, paid on account of the debts to Rubon $810, in pursuance of the stipulation; that, notwithstanding this, on the 16th July, 1841, Caroline Stith advertised the property on the deed under the trust; that Brues is colluding with Stith to get Stephan's improvements; that Brues is entitled to credit for a further sum of $350; that said Caroline, being both beneficiary and trustee, cannot execute the deed of trust.

Rubon et al. *v.* Stephan et al.

The injunction prayed for was until the expiration of the lease, which was dated May 1, 1840.

The plaintiff then introduced witnesses to show the condition of the property on the 1st January, 1846, and that it was not worth as much as in 1842. Plaintiff asked what was the rent of the property in 1842, 1843, &c. Objected to, and objection sustained. Mrs. Molloy testified that she took possession of the property in 1845, and stated their condition, showing abandonment. N. L. Carpenter testified to cost of repairs, &c.

The defence offered and read the deed of trust from Brues to Stith, and read also the assignment from Rubon to Stith of all interest in the deed.

The lease from Brues to Stephan, offered by defendant, was ruled out.

*S. S. Boyd*, for appellants.

*Thomas Reed*, on the same side.

*Eustis*, for appellees, cited *Mc Coun* v. *Delany*, 2 Bibb, 441; 6 Leigh, 581; 4 Har. & McHen. 21; 2 Bibb, 327; 1 J. J. Mar. 503; *Johnson v. Blackford*, 1 Litt. Sel. Cases, 187; 1 Litt. 413.

Mr. Justice FISHER delivered the opinion of the court.

This was an action of debt in the circuit court of Adams county, founded upon an injunction bond, with the following condition: " Now if the said Christian Stephan, in case he should fail to prosecute his said injunction with effect, shall satisfy and pay any damages that may accrue from the issuing of said injunction, and abide by the decision of the said chancery court, then this obligation shall be void."

The issues were joined upon a plea of payment, and a plea denying that the injunction had been dissolved.

The plea of payment admitted the cause of action, to wit, the existence of the bond, and a breach of the condition; and the only question was, whether the damages resulting from such breach had been satisfied. It was, perhaps, incumbent on the plaintiffs to prove the amount of damages sustained.

According to the common rule, the breach of the condition being established, the plaintiffs were entitled to recover the penalty of the bond; but in our practice, the rule is, to enter the judgment for the debt, to be discharged by the damages assessed by the jury.

As this issue showed a breach of the condition, the plaintiffs were entitled to recover at least nominal damages. The evidence would have authorized the jury in finding something for the plaintiffs; and they were, perhaps, prevented from so doing by the instructions of the court.

The true rule as to damages, in this case, is this. The evidence should show what the property would have brought at a fair cash sale in 1842, when it was prevented by the injunction. It should next show a sale of the property, and the sum for which it sold. The difference between the cash value in 1842 and the amount produced by the sale, with interest on such difference, will give the damages, which should not exceed the penalty of the bond.

The evidence on the other issue showed very clearly a disposition of the cause in the chancery court. The bill was dismissed, and this was in effect a dissolution of the injunction.

We have stated the rule, which, if adhered to in assessing damages, must lead to a correct result on another trial. We do not say that it is the only rule to guide the court and jury. Another may be adopted, provided it can produce a correct result.

Judgment reversed, and cause remanded.