CHARLOTTE LEVY AND SAMUEL LEVY *vs.* WILLIAM W.
TAYLOR.

INJUNCTION BOND, ACTION ON: DISCHARGE OF SURETY.—The obligation of a
defendant, surety in an injunction bond upon which suit is brought, is not
discharged by the admission of other parties, as complainants, to prosecute
the cause in which the injunction was issued—the bill for injunction being
at the same time a creditor's bill.

——: ——: INJUNCTION BOND, CONSTRUCTION OF.—In construing such bond
with reference to the question of the discharge of the obligation of the
surety, the Court will be guided by the intention of the parties when the
bond was executed, taking into consideration that the bill was filed by
creditors in behalf of themselves and others who might come in, and that
the bond was given in a judicial proceeding, as a necessary step to obtain
the writ of injunction, and to indemnify the adverse party against its effects
and operations.

Levy et al. *vs.* Taylor.

The condition of the bond was co-extensive with the objects and purposes of the bill, and the admission of new parties did not enlarge the responsibility of the obligors. The risk incurred by the surety when there was but one party complainant, was as great as when the number was increased.

MEASURE OF DAMAGES IN ACTION ON INJUNCTION BOND.—Where the injunction prayed by the bill was to prevent the defendants from selling, disposing of, or intermeddling with certain goods, and to obtain a decree applying the same to the payment of the debt of the complainants and others, the amount properly recoverable in an action on the injunction bond, is the loss in value of the goods during the operation of the injunction,—not exceeding the penalty of the bond with interest thereon from the time of the institution of the suit.

PRACTICE : EVIDENCE, ADMISSIBILITY OF IN PART WHEN OFFERED IN MASS.— When an offer is made of a mass of evidence complex in its character, and the whole of it is objected to, in such case if any part of it be admissible it is error to exclude the whole. The *onus* lies upon the objector to point out the inadmissible portions of the proof offered, and to take the instruction of the Court as to them.

EVIDENCE, ADMISSIBILITY OF.—The introduction of an entire record as evidence of an adjudication between the same parties of the validity of a mortgage, with reference to the question of damages, is inadmissible, the validity, &c., of the mortgage not being involved in the issue in the cause.

PRACTICE IN COURT OF APPEALS : ORIGINAL JURISDICTION.—The Court of Appeals can only act upon exceptions to proof taken below, and it is not its province to decide upon the admissibility of evidence submitted to it primarily by agreement of counsel to be read subject to exceptions. Such action pertains to the Court of original jurisdiction, and the appellate Court can only review that action on appeal.

APPEAL from the Superior Court of Baltimore City.

This is an action upon the injunction bond filed in the case of *Rich et al. vs. Levy*, reported in 16 *Md. Rep.*, 74, the record of which case is by agreement to be treated as if set out in the several bills of exceptions. The plaintiffs, now appellants, were the defendants in that case, and the appellee, who in this action was sued, together with Rich, who was not found, became a party complainant in that case in the progress of the proceedings. The material facts of the case are stated in the opinion of this Court.

The cause was argued before Bartol, Goldsborough, Cochran and Weisel, J.

*R. Gilmor, Jr.,* and *A. W. Machen* for the appellants.

The three rulings of the Court below upon the evidence, as appears from the 1st, 2nd and 3rd exceptions, were all of them erroneous. 1 *Stark. Ev. by Shars.,* 258, 392, *Marg. Com. Dig. Ev. (A. 4.) Layborn vs. Crisp,* 4 *M. & W.,* 320. 3 *Inst.,* 173. *Bull. N. P.,* 227, 228. 1 *Greenlf. Ev.* § 511. *Leake vs. Marquis of Westmeath,* 2 *Mood. & Rob.,* 394. *Pegg vs. Warford,* 7 *Md. Rep.,* 582. *Taney vs. Bachtell,* 9 *Gill,* 209. *Marshall vs. Haney,* 4 *Md. Rep.,* 498. *Budd vs. Brooke,* 3 *Gill,* 198. At all events, the defendant could not be prejudiced by the evidence in the mode in which it was offered, and had no right to object. *Hardey vs. Coe,* 5 *Gill,* 189.

The fourth and last bill of exceptions brings up the prayers and instructions. The plaintiff's 2nd, 3rd and 4th prayers, which were refused, present questions of the measure of damages recoverable upon a bond such as is here sued on, and under the circumstances of this case. The defendant's 2nd prayer which was granted, went to annul the bond itself, and preclude all recovery.

II.   1. The loss of value sustained by the goods during the operation of the injunction and while they were in the custody of the Court under it, as prayed in the bill, was clearly recoverable; and the plaintiff's second prayer ought to have been granted. *Wallis vs. Dilley,* 7 *Md. Rep.,* 237. *Rubon vs. Stephan,* 25 *Miss.,* 253.

2. The action being necessarily joint, and made so by the form of the bond, any damages sustained by either of the plaintiffs were recoverable. *Wallis vs. Dilley,* 7 *Md. Rep.,* 237. *Pugh vs. Stringfield,* 93 *Eng. C. L. Rep.,* 364. (4 *C. B. N. S.*) *Bird vs. Washburn,* 10 *Pick.,* 223. Loss of debt, or interest, sustained by Samson Levy, (except in so

Levy et al. *vs.* Taylor.

far as covered by the plaintiff's 2nd prayer,) was therefore a proper element of damage, and the plaintiff's 3rd prayer was also free from objection in other respects. *Wood vs. Fulton*, 2 *H. & G.*, 71, 78. *Ives vs. Merchants' Bank*, 12 *How.*, 165. *Hughes vs. Wickliffe*, 11 *B. Mon.* 209. *Carter vs. Thorn*, 18 *B. Mon.* 613. *Tryon vs. Robinson*, 10 *Rich.*, *S. Car.*, 160. *Aldrich vs. Reynolds*, 1 *Barb. ch.* 613.

3. The plaintiff's 4th prayer ought not to have been rejected. *Willson vs. Lancashire R. R. Co.* 9 *C. B. N. S.* 632, 99 *Eng. C. L. Rep.* *Ward vs. Smith*, 11 *Price*, 19. *Wallis vs. Dilley*, 7 *Md. Rep.*, 237, 250, 251.

III. 1. The admission of new parties was provided for by the bill, and the bond is framed with reference to the bill; and what took place therefore was clearly within the contemplation of the contract. *Strawbridge vs. Balt. & Ohio R. R. Co.*, 14 *Md. Rep.*, 360. *Oswald vs. Mayor of Berwick*, 3 *Ell. & Bl.*, 653, (77 *Eng. C. L. Rep.*,) *affmd.* 5 *Ho. Ld. Ca.*, 856. *Mayor of Dartmouth vs. Silly*, 7 *Ell. & Bl.* 97, (90 *Eng. C. L. Rep.*, 1.) 2 *Wms. Saund.* 414, a 145 *Vesey vs. Mantell*, 9 *M. & W.*, 323. *Benjamin vs. Hilliard*, 28 *How.*, 149.

The structure of the bill, as a creditor's bill, indeed made all the creditors parties, in a certain sense, from the beginning. *Adair vs. The New River Co.*, 11 *Ves.*, 444. And the actual intervention of other creditors effected no substantial change—certainly none which the character of the proceedings does not show was originally contemplated. The bond must be construed as one given in such a suit. *Shepherd vs. Togwood, Turn. & Russ.*, 391. *Doogan vs. Tyson*, 6 *G. & J.*, 458.

An injunction has the same scope and operation whether granted at the instance of one or of several complainants.

If the view taken on behalf of the appellee be correct, the law provides no compensation for the damages occa-

Levy et al. *vs.* Taylor.

sioned antecedently to the admission of the new plaintiffs; a new bond would not cover them.

3. The burden of the obligors was in no manner increased by the admission of co-complainants. With them in, Rich had the same power to prosecute the injunction as before. If they had not come in, and he had died, the injunction would still have remained to require prosecution in order to save the bond. *Hawley vs. Bennett,* 4 *Paige,* 163.— *Carter vs. Washington,* 1 *Hen. & Munf.,* 203. *Fowler vs. Scott,* 6 *Eng., Ark.,* 675.

The liability of the surety is never affected—at law, at least—unless the change in the position of the principal is in some manner the act of the obligee. *U. S. vs. Howell,* 4 *Wash. C. C.,* 620. *Davey vs. Pendergrass,* 5 *Barn. & Ald.,* 187. *Reese vs. Berrington,* 2 *Ves. Jun,* 542. 2 *Wh. & Tud. Le. Ca. Eq.,* 817.

But it is a conclusive objection to the instruction given below that it omits to take into view the essential element in the rule of equity in question, that the change in the contract of the principal has been effected without the consent of the surety. It has been uniformly held both at law and in equity, that if the variance be with his consent he cannot object. 2 *Wh. & Tud., Le. Ca. Eq.,* 824, 828, *Marg. Bank of Steubenville vs. Leavitt,* 5 *Hamm.,* 214. *Baldwin vs. Western Reserve Bank,* 5 *Hamm.,* 274. *Hunter's Adm. vs. Jett,* 4 *Rand.,* 107. 2 *Amer. Le. Ca.* 4th Ed., 413, 414. *Sprigg vs. Bank of Mount Pleasant,* 14 *Pet.,* 201. *Woodcock vs. Oxford & Worcester R. R. Co.,* 21 *Eng. L. & E. Rep.,* 285; 1 *Drewry* 521. Even the subsequent assent by the surety, has been held to preclude him from objecting. *Smith vs. Winter,* 4 *M. & W.,* 466. *Hargraves vs. Parsons,* 13 *Id.,* 561. Impossibility of performance will not discharge the surety if it arise from his own act. *Hurlstone on Bonds,* 9 *Law Lib.,* 49 *Marg.* The

Levy et al. *vs*. Taylor.

fact, therefore, that the admission of the other creditors was made by the Court upon the application of the appellee himself, and that he is one of them, effectually precludes him from asserting that the obligation of the bond is impaired.

*Thos. S. Alexander* and *Wm. Schley* for the appellees.

The only question supposed to be open on this appeal, presented by the instruction given by the Superior Court to the jury, as stated on page nineteen of the printed record, admits that the obligation of the defendant, as surety to the bond on which this action is brought, was discharged by the order of the Circuit Court for Baltimore City, passed on the 14th of April, 1857, and admitting certain other parties as complainants, with the said Rich, to prosecute the aforesaid equity cause, and that as the said writ of injunction was prosecuted with effect from the time of the issuing thereof continually until the passing of the aforesaid order, then verdict ought to be for the defendant.

In support of this instruction the appellee insists :

1st. That the appellee, as surety for Rich, undertook that Rich, so long as he remained sole complainant, and could control the proceedings in the cause, should prosecute the injunction with effect.  That the obligation of his bond was discharged by the act of the Court in admitting others as complainants without his consent, and with the acquiescence of the defendants to unite with and control Rich in the prosecution of the cause, and as the supposed breach took place after the admission of those other parties, there can be no recovery therefor against the appellee.

That the obligation of a surety is defined by the letter of his bond and is not to be extended by equitable con-

struction, was settled in *Lord Arlington vs. Merrick*, 3 *Saund*, 411. As illustrative of the same rule, the appellee will rely on the cases referred to in the notes to that case, and also on *Union Bank vs. Ridgely*, 1 *H. & G.*, 327. *State vs. Wayman*, 2 *G. & J.*, 254. *Leggett vs. Humphreys*, 21 *How.*, 76—where it is strictly declared that the obligation of a surety is *stictissimi juris*, and therefore that a surety for A, as clerk to B, is not bound for the fidelity of A, as clerk to B and C. *United States vs. White*, 4 *Wash. C. C.*, 414. *Miller vs. Stewart*, 9 *Wheat*, 680. *Bonar vs. McDonald*, 1 *Law & Eq.*, 1. *N. W. R. Co. vs. Whinray*, 26 *Law & Eq.*, 488. *Kitson vs. Julian*, 30 *Law & Eq.*, 326.

To show that an abatement of suit determines the obligation of the bond. *Ormond vs. Birely*, 12 *Mod.*, 380. *Morris vs. Matthews*, 2 *Adol. & Ell.*, *N. S.*, 293.

2. That the liability of the appellee, as surety, is not affected by the circumstances that he was one of the new parties coming in under the order of the Court.

The appellee's counsel cited also the following authorities in support of the above propositions: *Rich vs. Stewart*, 1 *Beav.*, 512. *Reese vs. Berrington*, 2 *Wh. & Tud. Le. Ca., Pt. II.*, 707. 17 *Eng. Cond. Ch. Rep.*, 16. *Arlington vs. Merrick*, 3 *Saund., Rep.*, 414, *n.* 5, *and* 415, *a. n. and g*. *Leighborn vs. Crisp*, 4 *Mees. & Wels.*, 320. *Planters' Bk. vs Sellman*, 2 *G. & J.*, 230.

WEISEL, J., delivered the opinion of this Court.

The suit in this case being upon an injunction bond, and the defendant (the appellee) being the surety in the bond, he, after oyer, pleaded general performance and for a further plea, that whilst the writ of injunction was in full force and effect, a certain William W. Taylor and others named, filed their petition in the cause in which

the injunction was prayed and granted, praying for leave to become parties complainants with Thomas R. Rich, the original complainant therein, which said leave was granted by order of the Court of April 14, 1857, admitting the petitioners as co-plaintiffs, who, with the said Rich, did thereafter rightfully prosecute and control said suit. These pleas were accompanied with an agreement of the parties that on the trial of the issue joined on the replication to the plea of general performance, the defendant should be at liberty to rely on the matters averred in the second of the pleas, so far as they were legally admissible as a defence. It was also agreed that the said William W. Taylor, mentioned in the second plea as one of the petitioners, to be made co-plaintiffs in the proceedings for the injunction, was the same William W. Taylor who is the defendant in this action, both parties to have the benefit of the record and proceedings of the case of Rich against these appellants in the Circuit Court for Baltimore City, and in the Court of Appeals of Maryland, (so far as the same might be legally admissible for the purpose,) and of any facts provable thereby. The record of the proceedings here referred to is the record of the cause in which the injunction was granted upon the bond sued on in this case. That cause resulted in a decree of the Circuit Court for Baltimore City dismissing the bill and dissolving the injunction, which, upon an appeal to the Court of Appeals, was affirmed with costs.

In the progress of the trial three exceptions were taken by the plaintiffs to the ruling of the Court below, upon offers made by them of the record of said chancery proceedings, as evidence before the jury, which will be noticed and disposed of hereafter.

The evidence in the cause being closed, the plaintiffs submitted four prayers for instructions, all of which were

19     v. 24

refused except the first.   The defendant also offered one prayer, which was granted ; and the verdict being for the defendant, the plaintiffs, having excepted to the granting of the defendant's prayer, and the refusal to grant their 2nd, 3d and 4th prayers, as well as to the rulings of the Court upon the offers of evidence above referred to, appealed to this Court.

The defendant's prayer will be first disposed of.   By granting it the Court instructed the jury that the obligation of the defendant, as surety in the bond sued on, was discharged by the order of the Circuit Court for Baltimore City, passed on the 14th of April, 1857, admitting other parties, as complainants with the said Rich, to prosecute said equity cause, and that as the writ of injunction was prosecuted with effect from the time of the issuing thereof continually until the passing of said order, the verdict ought to be for the defendant.

In support of this instruction it was contended by the counsel of the appellee that he undertook only in a case in which Rich was sole complainant, who alone could control the proceedings in the cause, and who, whilst he remained sole complainant, did prosecute with effect, and thus performed the condition of the bond ; that the omission of other parties to prosecute deprived Rich of his power to control the cause, and placed a restraint upon his disposition or capacity to compromise or dismiss the suit.   In this way the defendant's responsibility was affected to his prejudice, and the nature of the suit, so far as he was concerned, materially changed.

In this view we do not concur, and think the Court below erred in the instruction given.   The authorities relied on by the appellee on this point are only examples of the well-settled doctrine that the liability of a surety is not to be extended by implication beyond the terms of the contract, and that any dealings by a creditor with his

principal debtor, which amount to a departure from the contract by which the liability of the surety is enlarged without his consent, will discharge the surety. Whilst this is well established law, it is equally settled that the intention of the parties when the bond was executed is to guide in its construction, and to arrive at this, the nature of the contract, the purposes to be accomplished by it, and the character of the proceedings, of which it forms a part, will be regarded. *Strawbridge vs. Balto. & Ohio R. R. Co.*, 14 *Md. Rep.*, 366, 367. In this case the bond was given in a judicial proceeding as a necessary step to obtain the writ of injunction, and to indemnify the adverse party against its effects and operation. The bill in equity was a creditor's bill filed by the complainant, Rich, in express terms "on behalf of himself and all other creditors of Charlotte Levy, who should come in and contribute to the expenses of the suit." It thus provides expressly for the admission of the parties. Apart from this, the proceeding was subject to the rules of chancery practice, in such cases for the making of other and proper parties. The condition of the bond, in its recital, referred to the bill of complaint, and stated its object to be to obtain the writ of injunction to restrain the obligees from doing certain things particularly mentioned in it. These were to prevent the parties, defendants to the bill, from selling or disposing of, or intermeddling with certain goods in a store, and that the Court might by its decree apply these effects to the payment of the debts of the complainant and *the other creditors* of Charlotte Levy. The condition of the bond was co-extensive with the objects and purposes of the bill, and the admission of new parties did not enlarge the responsibility of the obligors. The risk incurred by the surety when there was but one party complainant to the bill was as great as when the number was in-

creased.   The possibility that Rich, as sole complainant, might have made better terms is mere conjecture.   To meet this it might be said that the new parties might control him in procuring a more favorable result.   Such speculations lead to no certain or definite conclusion.   77 *Eng. C. L. Rep.*, 664.   And this case is the more strong against the surety, inasmuch as he himself applied to be made a party complainant in conjunction with the other petitioners, and thereby assented to the act which he complains of as enlarging his responsibility.

We think the second prayer of the plaintiffs presented the proper rule of damages, and ought to have been granted.

The third was properly rejected.   Whatever damages were sustained arose from the loss or the deterioration in the value of the property that was tied up by the injunction.   Samson Levy's interest in that was as mortgagee. If the loss of his security was the loss of his debt, he would obtain all he would be entitled to in the difference of value in the property itself.   The suit being joint, the damages must be joint, and any special loss that he, as mortgagee, could sustain, ought not to be included in the general estimate or sum of damages.

The fourth prayer presents the general rule correctly, but it should have limited the jury to a sum within the penalty, and in this is defective and was rightly refused.

We recur now to the offers of testimony by the plaintiffs, as embraced in the three first exceptions.   These had reference to the introduction and use of the record and proceedings of the chancery suit between Rich and the Levys, of which the injunction bond in this suit formed a part.   Their applicability for some purposes of the trial is obvious enough.   The difficulty arose in the manner of getting what was proper and applicable before

the jury. The parties by agreement had provided for their introduction into the cause, and their use, so far as the same might be legally admissible for the purpose, and the benefit of any facts provable thereby. In such a case, what is the proper mode of bringing before the jury the portions of the record which either party may claim as evidence in support of the issue on his part? We think that this Court has laid down the rule very explicitly in the cases of *Budd vs. Brooke*, 3 *Gill*, 220, *and Carroll's lessee vs. The Granite Manf. Co.*, 11 *Md. Rep.*, 408. The fact that the subject matter in this case was a judicial record makes no difference, in our judgment, in the application of the rule. In the former of the cases referred to a variety of proof was offered, and the defendant objected to all for the purpose offered, and prayed the Court to reject it, but the objection was overruled and the evidence allowed to go in as offered. And in this, this Court on appeal pronounced the ruling of the Court below correct. "Instead of its specifying the parts of the testimony (said the Court) to which the objection was intended to apply, the Court was called upon to reject it in mass. If any part of it, therefore, was admissible for the purpose for which it was offered, the Court in overruling the prayer (to reject it) committed no error. Where an entire prayer, made to the Court, is good in part, and bad in part, that is, which the Court ought to grant in part and in like manner refuse, had the subject matter been properly divided, and a distinct prayer made on each subdivision, the Court is not bound to assume, what appropriately belongs to the counsel, the duty of analyzing the subject matter of the prayer, and admitting that which ought to be granted, and rejecting that which ought not; but the Court may content itself in granting or rejecting the prayer, according to its merits, as presented in its entirety. There was no error, therefore, in the Court's opinion complained of, some of the

evidence objected to being undeniably admissible." And for this were cited 1 *Pet.*, 338, *and* 13 *Pet.*, 310. And in the case of *Carroll's lessee*, 11 *Md. Rep.*, 408, this Court used this language: "After evidence has been admitted, and an application is made to the Court to exclude it, then the *onus* rests upon the party making the application, to confine his objection to that portion of the evidence which is illegal. And the same rule applies when an offer is made of a mass of evidence complex in its character and the whole of it is objected to. In such case, if part of it be admissible, it is error to exclude the other." *See also Pegg vs. Warford,* 7 *Md. Rep.*, 604, for a re-assertion of the same rule.

Applying this rule, therefore, to the first exception in this case, we think the Court erred in refusing the evidence generally offered to be read. The *onus* lay upon the objector to point out the inadmissible portions of the proof offered, and to take the instruction of the Court upon such, and declining or failing to do so, the plaintiffs were entitled to the proof as offered.

We do not perceive how the validity, fairness and consideration of the mortgage from Charlotte to Samson Levy was involved in the issue in this case, and the rejection by the Court of the plaintiffs' offer in the second bill of exceptions was therefore correct.

Regarding the offer in the third exception as generally and substantially the same as that in the first bill of exceptions, it is to be governed by the same rules and share the same fate with it. The subsequent propositions of the counsel, as detailed in it, do not change the character of the offer. The defendant by them endeavored to shift the *onus* of designating the portions of the proof to be read upon the plaintiffs, whereas it was his duty to point out what was inadmissible. The Court therefore erred in excluding the proof as offered by the plaintiffs.

Some agreement seems to have been entered into for the submission to this Court of certain portions of the record which were read, subject to exceptions, for our opinion as to their admissibility or not. This Court can only act in such cases upon exceptions to the proof taken below, and it is not our province to scan evidence thus presented and pass upon its applicability. That pertains to the Court of original jurisdiction, and we can only review its action in the premises.

We think the Superior Court of Baltimore City erred in its rulings in the first and third exceptions of the plaintiffs, and in refusing the plaintiff's first prayer and granting the defendant's prayer in the fourth bill of exceptions. The judgment below must therefore be reversed and a *procedendo* awarded.

<div style="text-align:right">

*Judgment reversed and*

*procedendo awarded.*

