[No. 2351.]

## SLACK ET AL. v. STEPHENS ET AL.

1. **Corporations—Enjoining Sale of Stock—Damages—Action on Injunction Bond.**

Where the owner of ·corporation stock was enjoined from selling it, pending the writ, and but for the writ he could and would have sold it, and when the writ was dissolved the stock was worthless, and remained so, the injunction was the proximate cause of the damage resulting from the loss of a sale of the stock, and an action will lie upon the injunction bond for such damages.

2. **Same—Measure of Damage.**

Where the sale of corporation stock was enjoined, which, at the time of issuing the writ, could have been sold for more than the penalty of the bond, and when the injunction was dissolved the stock was worthless, and remained so, the measure of damage in an action upon the injunction bond was the penalty of the bond.

3. **Corporations—Enjoining Sale of Stock—Action on Bond—Evidence.**

In an action upon an injunction bond for damages resulting from a prevention of the sale of corporate stock, evidence was admissible to show that plaintiff had a purchaser who could and would have bought the stock, if he had not been prevented by the injunction.

4. **Pleading—Making More Certain—Appellate Practice.**

If a defendant desires a complaint to be made more certain, he must make a motion for an order to that effect. It is too late to raise such objection for the first time in the appellate court.

5. **Injunction—Preventing Sale by Minor—Order of Court—Action on Bond.**

Where defendants prevented a minor from selling property by a writ of injunction, in an action for damages upon the injunction bond, they cannot avoid liability on the ground that no order of court had been obtained for the sale of the property.

6. **Practice—Evidence—Recalling Jury—Reading Stenographer's Notes.**

Recalling a jury after they had retired, and reading to them

the stenographer's notes of the testimony of a witness, in the absence of a party, is not reversible error where the verdict of the jury is right, and is the only verdict that could reasonably have been rendered on the evidence.

7.  Injunctions—Restraining Sale of Property—Fraudulent Conveyance.

In an action upon an injunction bond for damages caused by restraining the sale of property, defendant cannot avoid liability on the ground that the property was put in plaintiff's name in fraud of the creditors of the real owner.

*Appeal from the District Court of Arapahoe County.*

Messrs. THOMAS, BRYANT & LEE, for appellants.

Messrs. MORRISON & DeSoto, for appellees.

GUNTER, J.

Action on injunction bond. Verdict and judgment for plaintiffs. Defendants appeal.

The material allegations of the complaint are: One of plaintiffs, Clarence E. Stephens, a minor—hereinafter designated as plaintiff—owned 130,000 shares of stock, 5,000 in his own name, 125,000 in that of a trustee, having a value of six cents per share. An injunction issued and served prevented, pending the writ, the plaintiff and his trustee from selling his stock. The writ was dissolved, when dissolved the stock was, and ever since has been, valueless. An injunction bond, ordinary form, penalty $2,500, given in the proceedings out of which the injunction issued, is set out, and the allegation made that plaintiff has been damaged through the issuance and service of the writ in being prevented from effecting a sale of the stock in the sum of $8,070.00—being the amount for which he could and would have sold the now worthless stock but for the injunction, and certain expenses in the nature of attorney's fees and costs.

Plaintiffs herein are the defendants of the in-

junction proceeding, and defendants herein are the principal and sureties on the injunction bond. Judgment is prayed for the penalty of the bond. The evidence sustains the cause of action alleged.

1. It is said plaintiff did not prove any damage as the proximate result of the issuance of the writ. The evidence was that the stock had a value of about six cents per share at the time of the service of the writ, that it could and would have been sold at six cents per share but for the writ, that at the time of the dissolution of the writ the stock was valueless, and has been since. There was evidence that the valueless character of the stock at the time of the dissolution was brought about by a forfeiture of a lease—one of the main assets of the company in which the stock was held—the burning of a shaft-house on the leased premises, and the filling of the mine thereon with water; these events taking place pending the writ. These events, it is said, are the proximate cause of plaintiff's damage, and not the writ of injunction. The authorities are that the wrongful act of defendants in securing and having served the writ of injunction, thereby wrongfully preventing plaintiff from selling the stock and realizing its value when it had a value, is the proximate cause of the damage sustained through the failure to sell.

In *Kennedy's Administratrix v. Hammond & Hall,* 16 Mo. 341, the facts were: A trust deed securing notes on a leasehold interest in real estate was being foreclosed, the sale was enjoined and, pending the writ, the improvements on the leased property were destroyed by fire and the lease forfeited, the trust property being thus lost to the *cestui que trust,* the holder of the notes. If the trust property had been sold at the date advertised, it would, in all probability, have brought the amount of the notes covered thereby, the interest thereon, and expense of

foreclosure. The writ was dissolved, and when dissolved, the trust property had been lost. The action was on the injunction bond by the holder of the notes. The writ of injunction was held to be the proximate cause of the damages sustained through the loss of the trust property, and the measure of damages to be the debt originally secured by the trust deed and interest thereon.

In *Meysenburg, trustee, v. Schlieper,* 48 Mo. 426, the facts were: A trust deed was being foreclosed, an injunction stopped the sale, had the sale been made, as advertised, the trust property would have realized a sufficient sum to discharge the secured indebtedness. The injunction was dissolved and the trust property sold, it realized about $2,500, less than the amount it would have brought on the date advertised if sold, and about $2,500, less than the claim of the *cestui que trust.* The action was on the injunction bond. The writ of injunction was held to be the cause of the damage and the depreciation of the trust property, to wit, $2,500, to be its measure. It was there contended, as here, that the injunction was not the proximate cause of the depreciation. The court *inter alia* said:

"In opposition to this view, the plaintiffs' counsel insist that the depreciation ought not to be taken into consideration, since, as he claims, the injunctions were not the direct cause of the depreciation. However that may be, the injunctions indisputably delayed the sale for nearly a year, and the $2,500 loss was an incident of that delay. The injunctions, therefore, were the 'occasion' of the supposed loss. * * * If property is deteriorated or destroyed during the suspension caused by an unwarranted injunction, the loss thence resulting is to be considered in assessing damages. * * * The depreciation in the salable value of property occurring under the

same circumstances falls within the same principle.''

*Rubon v. Stephen,* 25 Miss. 253, was upon an injunction bond by the holder of a note secured by a trust deed to recover damages. The facts were: A pending trust deed foreclosure, an injunction to restrain the sale, dissolution of the writ, and depreciation of the trust property pending the writ. The court held the measure of damages to be the difference between the amount the trust property would have brought on the date advertised for sale, and the amount such property did bring after the dissolution of the writ, with interest on such difference, such recovery to be within the penalty of the bond. See also *Levy v. Taylor,* 24 Md. 282.

2. The complaint alleges value of stock when writ was served; that a sale was prevented pending the writ; that the stock at the dissolution was, and has been since, valueless, and that thereby plaintiff has suffered damage. Defendants are by these allegations advised that plaintiff claims damages through being prevented from effecting a sale of the stock, pending the writ. Plaintiff was proving the damages thus laid, and not special damages, in showing that he had a purchaser who could and would have bought the stock, but was prevented by the writ. Plaintiff could not have proven his allegation that he was prevented from effecting a sale by the writ except by showing that he had an opportunity to sell, and would have sold, but was prevented by the writ.

If defendants desired the complaint more definite and certain as to the sale prevented by the writ, they should have resorted to a motion for an order to that effect; it is too late to complain of it here.

As to the contention that a sale could not have been made of the minor's stock without an order of court, and that no such order was obtained, appellants

are not in position to make it, because their wrongful act in securing the injunction made it useless to apply for or obtain such order.

3. After the retirement of the jury for deliberation, it was recalled, and evidence of one of the witnesses for plaintiff read from the stenographic notes. No one of counsel for defendants had been notified, and no one of them was present. It is said this was error. If so, no prejudice was worked because the verdict is right, and is the only one that could reasonably have been rendered on the evidence. The evidence of plaintiff made out his case and there was no conflicting evidence. The only evidence by defendants was through a recall of one of plaintiff's witnesses to a point of no materiality to this ruling.

The gist of the case, as made by the pleadings and evidence, is: Plaintiff owned stock of value, he could and would have sold it, he was enjoined from so doing, and thereby prevented from selling. Pending the writ the stock became valueless without his fault, and has since been so without his fault. The wrongful act of appellants (defendants below) caused plaintiff to lose the value of his stock, the value of his stock exceeded the penalty of the bond, he was entitled in an action on the bond to recover such damage to the extent of the penalty of the bond. He had verdict and judgment for such penalty, and we think the judgment should be affirmed.

*Affirmed.*

### On Petition for Rehearing.

*Per Curiam.*—During the trial a witness testified to Clarence E. Stephens being the owner of the shares of stock mentioned in the complaint. Upon cross-examination the court declined to permit this witness to be asked if such stock had been issued to Clarence E. Stephens, and to witness as trustee for

Clarence E. Stephens, for the purpose of defrauding creditors of Henry J. Stephens. It is urged that error was committed in this refusal.

Assuming for the purpose of this ruling that the question of the ownership of the stock was put in issue by the answer, still no error was committed in the action of the court, for the reason that it was immaterial to the questions involved in this case whether the stock had been issued to Clarence E. Stephens for the purpose of defrauding creditors of the original owner or not. While such transfer might be void as to attachment or execution creditors, it was good and the ownership in Clarence E. Stephens, so far as the parties to this suit are concerned. Petition for rehearing denied.

*Denied.*