ALBANY,
Dec. 1823.

Murray
v.
Mumford.

---

[The two following cases should have been inserted as of the September session, 1823.]

### MURRAY *against* MUMFORD and others.

Rule, on dismissing an appeal upon the second call of the cause, that the appellant pay the respondent 100 dollars besides the taxable costs ; the court being of opinion that the appellant had conducted vexatiously.

*The power of the court to allow beyond the taxable costs, considered.*

APPEAL from the Court of Chancery. This cause having been placed upon the list of causes for argument, pursuant to the 14th rule of September 18th, 1818 ; and having been called and passed twice, in consequence of the appellant not being ready to argue, the respondent took a decree, dismissing the appeal with costs, pursuant to the 15th rule of this Court, (September 18th, 1818 ;) and now,  .

*Warner & S. Jones*, for the respondents, moved, that the appellant be ordered to pay 100 dollars to the respondents, over and above the taxable costs. He adverted to the merits of the appeal ; and contended that it was merely for vexation and delay.

*J. V. Henry & J. O. Hoffiman*, contra.

WOODWORTH, J. Had the cause been heard, it would be proper to speak of the merits ; but as the appellant did not choose to bring it forward, we can only look to the circumstances attending the appeal and dismissal, as they have come under our observation. The appellant had a right to withhold an examination of the merits ; and take the effect of a simple dismissal under the 15th rule of this Court, but

he should not proceed vexatiously. He has kept the respondents in attendance, by their counsel, for several days, and at considerable expense, without any intimation that he would finally abandon the cause ; but rather the contrary appearance has been held out. The appellant's counsel have been attending as if prepared ; and for this no excuse is given ; nothing to satisfy us that it was in good faith. I think, under the circumstances, the motion should be granted.

SUTHERLAND, J. There is no propriety in examining the merits ; but I think the motion should be granted. The taxable costs are a very inadequate compensation for the attendance of counsel here from day to day, at great expense.

SAVAGE, C. J. I know of no statute authorizing this amercement. The party had a right to bring his appeal. He declines a guing it. This he had a right to do, and to incur the consequences of a simple dismissal. What are these consequences ? The 15th rule of this Court says, the dismissal shall be with *costs*, which means no more than *taxable costs*. Suppose a nonsuit in a Court of law. The statute says the defendant shall recover his costs : was it ever heard of, that the party should be mulcted in a round sum, beyond what the taxing officer would allow ? I am against the motion.

ROOT, President. I am of opinion that this Court is expressly prohibited from going beyond the taxable bill. The statute(*a*) applies *in terms* to this as well as other Courts, (*a*) 2 R. L. 3 and is imperative, that *no officer or other person shall be allowed any greater or other fee or reward,* &c., than after the rate specified by it. This act was passed for the purpose of regulating the taxable fees as between party and party. It is so understood in practice, as to all the other Courts to which it relates ; and I know of no rule by which this Court is exempt from its operation. I had thought the ancient doctrine of amercement, *pro. falso suo clamore,* long since exploded, as impolitic and absurd.

STRANAHAN, Senator, thought the statute had no application to this question.

CLARK, Senator, was opposed to the allowance of any thing beyond the taxable costs.

REDFIELD, Senator, concurred with Mr. Justice WOOD·WORTH.

EARLL, Senator, concurred with the Chief Justice.

PORTER, Senator, concurred with Mr. Justice WOOD-WORTH.

A MAJORITY OF THE COURT, being for the motion,

Rule accordingly.(*b*)

(*b*) I did not examine the *ayes* and *noes* upon this motion, but my recollection is, that the court stood about 14 to 11.