## FITZPATRICK a. FLAGG.

*New York Common Pleas ; General Term, February,* 1861.

DAMAGES· SUSTAINED BY REASON OF INJUNCTION.—ACTION ON UNDERTAKING.

Reasonable counsel-fees and expenses which a party is put to in procuring a dissolution of an injunction, constitute damages sustained " by reason of the injunction," and, as such, may be recovered in a proceeding upon an undertaking given pursuant to the provisions of section 222 of the Code.

*It seems,* that, under section 222 of the Code, the court should not direct judgment to be entered directly upon an undertaking, but should leave the defendants to bring their action upon it.

But where, in an action against public officers, representing a municipal corporation, an injunction was issued against them,—*Held,* that they were not entitled to recover counsel-fees, which it appeared that not they, but the municipal corporation which they represented, had paid.

Appeal from an order confirming the report of referee.

This action was brought against Mr. Flagg, the comptroller of the city of New York, and others, in their capacity as officers of the Corporation. The plaintiff procured an injunction in the action, which, being subsequently dissolved, the defendants obtained an order of reference to ascertain the damages they had sustained by reason of the injunction. The defendants claimed to be allowed counsel-fees which had been paid by the Corporation to counsel employed on their behalf in dissolving the injunction. These fees the referee allowed. Upon motion to confirm the report, the following opinion was rendered :

HILTON, J.—It may now be considered settled, that reasonable counsel-fees and expenses which a party is put to in procuring a dissolution of an injunction, constitute damages sustained " by reason of the injunction," and, as such, may be recovered in a proceeding upon an undertaking given pursuant to the provisions of section 222 of the Code. (Edwards a.

Bodine, 11 *Paige*, 234; Aldrich *a.* Reynolds, 1 *Barb. Ch.*, 613; Wilde *a.* Joel, 15 *How. Pr.*, 320.) But in this case it is claimed that the defendants, as individuals, have sustained no damage; that it was the duty of the corporation counsel to have defended the action; and, although other counsel did appear, yet it was without authority from the counsel to the corporation, and, consequently, the sureties to the undertaking are not liable for any such fees or expenses.

To this it may be answered, that the defendants were sued as individuals, and, as such, were enjoined; and although the action related to matters in which the Corporation of the city of New York was interested, yet its counsel was not, in strictness, perhaps, bound to defend it unless so ordered. (See *Charter of* 1852, § 26.) No such order seems to have been made, and the defendants very properly employed counsel to protect the interests they represented; and, although the moneys of the Corporation were subsequently applied to the payment of the counsel-fees and expenses thus assumed by the defendants, yet such payment did not absolve the sureties from liability upon their undertaking, as it may reasonably be presumed that the defendants intend by these proceedings to obtain the means wherewith to restore to the Corporation the moneys thus applied.

As a general rule, upon motions of this character, it is the duty of the court, if requested, to determine as to the reasonableness of counsel-fees charged or paid, notwithstanding the referee may have certified a sum which, in his opinion, would be a just compensation for the services counsel may have rendered. But here it is not claimed, on behalf of the sureties, that the sums charged are unreasonable; or that the evidence before the referee would have justified him in coming to any other conclusion than that specified in his report. Consequently, I am relieved from the necessity of looking into the case to determine what would be a reasonable counsel-fee to be allowed in a case of this kind, or whether it was necessary that two counsel should have been employed.

I do not think that the language of the Code (§ 222) is sufficiently broad to authorize the court to direct judgment to be entered against the parties to an undertaking of this nature, for the damages which may be summarily ascertained to have arisen from an injunction. I prefer, therefore, to adopt the safer

course of directing that the referee's report be confirmed, and the defendants have leave to prosecute the undertaking.

Ordered accordingly

From this order the defendants appealed to the general term.

BY THE COURT.—DALY, J.—It was incumbent upon the defendants to show that they paid the counsel-fees of Messrs. Field and Noyes, or else that they were liable to these gentlemen for their professional services. They were not liable unless they retained Messrs. Field and Noyes. These gentlemen were retained as counsel in the case by Field and Sluyter, the attorneys for the defendants; but there was no evidence showing that the defendants, or any one of them, directed their attorneys to employ counsel, or any act of any one of the defendants ratifying the act of their attorneys in employing counsel. Messrs. Field and Noyes were paid for their services by the city. They were paid by a city check, drawn by the comptroller and countersigned by the mayor. The Corporation was, in reality, the party in interest, though the action was against the defendants in their capacity as public officers; and if the city paid the $1,000 counsel-fees to Messrs. Field and Noyes; for their professional services as counsel in the defence of the action, I do not see why this $1,000 should be awarded to the defendants as the damages which they have sustained in consequence of the granting of the injunction. They did not pay it, and there was nothing in the evidence showing that they ever became liable to pay it. If any thing can be inferred from the evidence, it is that Messrs. Field and Noyes acted as counsel for the city, the city being interested in the result of the suit, and that the city paid them. It would be desirable that the city should be reimbursed, but that is not done by awarding this payment as damages to the defendants in the action. It is possible that the defendants, if they collected the amount from the sureties of the plaintiff upon the prosecution of the undertaking, would pay it into the city treasury; but that is not necessarily the result of awarding it in the shape of damages to the defendants in the action. They can have, by the statute, only such damages as they have sustained by reason of the injunction, and it is not shown that they sustained any.

Order of special term reversed, with $10 costs.