## CORCORAN *v.* JUDSON.

Reasonable counsel fees incurred in the defence of a suit to restrain the payment of an award, are recoverable upon a bond conditioned for the payment of all costs and damages arising from the obligor's obtaining an injunction or from his contesting the payment.

APPEAL from the Superior Court of the city of New York. On the trial, before Mr. Justice HOFFMAN, without a jury, these facts appeared: The commissioners, appointed under the act of Congress, of March 3d, 1849, to carry into effect the treaty between the United States and Mexico of February 2d, 1848, on the 15th of April, 1851, made an award in favor of the respondent, in the sum of $15,041. The appellant claimed a part of that sum, to wit: $7,887.50, and notified the Secretary of the Treasury of his intention to contest the payment thereof. In accordance with the provisions of the act, the appellant made and executed a bond, with sureties, conditioned that if he should file a bill and obtain an injunction restraining the payment of said money to the plaintiff, he would pay, or cause to

Corcoran *v.* Judson.

be paid to him, all costs and damages, arising from the defendant's claim, or from his notification to the Secretary of the Treasury, or from his contesting the payment of said sum to the plaintiff.

The defendant filed his bill in the Circuit Court of the United States in the District of Columbia, and obtained an injunction restraining the payment of said money, and such proceedings were had in such court, that the bill was dismissed, with costs, and on appeal to the Supreme Court of the United States, the decree was affirmed. The plaintiff claimed that he had sustained damage in consequence of the defendant contesting such payment to him according to the condition of the bond, as follows: Legal interest on the sum in contest, amounting to the sum of $2,208, and the sum of $2,000 paid by him as counsel fees in and about the defence of said action. The judge at the trial, found that the plaintiff was entitled to recover the interest amounting to $1,892.88, taxed costs in the action, $134.24, and the sum of $1,500 for counsel fees, and found, as matter of fact, that the latter sum was a reasonable amount to be allowed the plaintiff for such counsel fees. Judgment was entered at special term in favor of the plaintiff, which was affirmed at general term, and the defendant appealed to this court.

*John H. Reynolds*, for the appellant.

*Henry Nicoll*, for the respondent.

DAVIES, J. The only point made on the argument is whether counsel fees paid by the plaintiff are covered by the words in the condition of the bond, "costs and damages," I cannot doubt that they are. The bond was to indemnify the plaintiff for the expenses and damages to which he might be subjected by the proposed contestation. It was in contemplation of the defendant to institute legal proceedings, thereby subjecting the plaintiff to costs, and the employment of counsel. He would be necessarily damnified in consequence there-

of, to the amount he should be compelled to pay such counsel. It was a damage clearly within the contemplation of the act, and of the parties. Sedgwick on Damages (p. 177), lays down the rule that in an action of covenant for breach of warranty, where a former suit has taken place which the covenantee has been obliged to defend, not only his costs but his counsel fees may be recovered in the proceeding on the covenant itself.

*Edwards* v. *Bodine* (11 Paige, 224), is not unlike the present case. There an injunction master, on issuing an injunction, took from the party applying for it, a bond to the defendant, conditioned to pay the parties enjoined such damages as they might sustain by reason of the injunction. The court dissolved the injunction and decided that the party suing it out was not entitled to the writ. An order was then obtained referring it to a master to ascertain what damages the party enjoined had sustained by reason of the injunction. This proceeding was a substitute for an action on the bond. The master allowed the counsel fees paid by the party procuring the injunction to be dissolved, and this allowance was affirmed by the Chancellor. He says "as the counsel fees are clearly covered by the condition of the bond, I cannot disallow them without depriving the party of a legal right. By the Code (§ 222), when an injunction order is made, it is the duty of the court, or judge making the order, to take a written undertaking, with or without sureties, to the effect that the plaintiff will pay to the party enjoined, such damages not exceeding the amount specified, as he may sustain by reason of the injunction. Under this section of the Code, the practice is universal, to allow the party enjoined as part of his damages, the counsel fees he has been subjected to, in consequence of the issuing of the injunction. In accordance with this rule is the case of *Coates* v. *Coates* (1 Duer, 664).

The judgment of the Superior Court should be affirmed, with costs.

MASON, J. This is a very broad bond. In it the defendants agree to pay the plaintiff all damages arising from his claim-

ing this fund, or from his notifying the Secretary of the Treasury thereof, or from his contesting the payment thereof to the plaintiff by the government. It is broad enough to protect the plaintiff from any injury he may have sustained by reason of the defendants' claiming this fund and contesting the payment thereof to the plaintiff. It is broader in its language than the common injunction bond issued under the requirement of the 21st Rule of the late Court of Chancery in this State. The condition of the bond under that rule was "*to pay the party enjoined such damages as he may sustain by reason of the injunction.*" Such a bond was held by the Chancellor in the case of *Edwards* v. *Bodine* (11 Paige, 224), broad enough to embrace the necessary counsel fees incurred by the defendant in getting rid of the injunction. The language of this bond is broader than the undertaking required by the 22d section of the Code on procuring an injunction, which is to the effect that the plaintiff will pay to the party enjoined such damages as he may sustain by reason of the injunction, and it has been frequently held that counsel fees incurred in the defence of the suit to get rid of the injunction were covered by such undertaking. (*Coates* v. *Coates*, 1 Duer, 664.) In the case at bar the defendant is clearly liable on his bond for all damages which have arisen to the plaintiff by reason of the defendant claiming this fund and contesting the payment thereof to the plaintiff. It is clearly broad enough to embrace those counsel fees which the plaintiff has been obliged to pay out in defending the suit, which the defendant brought against him to establish his claim to this fund. The necessity of paying such counsel fees is an actual damage which the plaintiff has sustained by reason of the defendants' bringing a suit against him and contesting this claim with him, and they are damages which legitimately arose from the defendants' bringing that suit and contesting his claim to this fund. In the case of the *Trustees of the Village of Newburgh* v. *Gallatian et al.* (4 Cow. R., 340), which was an action upon a bond to indemnify and save harmless against all actions, suits and damages in consequence of certain acts, the court held that the bond

extended to the costs of defending a groundless suit for an act in which the obligee succeeded. The 35th section of 2 Revised Statutes, 618, provided that upon certain appeals to the Court for the Correction of Errors, the appellate court might in its discretion award damages to the respondent upon affirming the decree, for the delay and vexation caused by such appeal. Under this statutory provision the Court for the Correction of Errors has allowed to the respondent on appeal a sum in damages to cover his extra counsel fees. (*Boyd* v. *Brisban*, 11 Wend., 529; *Murray* v. *Mumford*, 2 Cow., 400.) In *Staats* v. *The Ex'rs of Ten Eyck* (3 Caines R., 118), it was held under a covenant of warranty in a conveyance, that the grantee who had been evicted was entitled to recover against his grantor his costs and reasonable fees of counsel which he had been compelled to pay in defending his title, as a part of the damages which he had sustained by the breach of the covenant of warranty. These cases seem to me fully to justify the construction put upon this bond by the court below, and the judgment should be affirmed.

DENIO, LOTT and JAMES, Js., concurred; COMSTOCK, Ch. J., SELDEN and HOYT, Js., dissented.

Judgment affirmed.