# SUPREME COURT.

## CHARLES G. PATTERSON agt. ELISHA BLOOMER.

On an order of confirmation of a report of a referee fixing the amount of *damages* the defendant is entitled to upon the dissolution of the plaintiff's *injunction*, and deciding that the defendant is entitled to recover the same of the plaintiff, it is improper to enter up *judgment* against the plaintiff and his sureties in the undertaking, upon the report of the referee, for the amount of such damages.

The defendants' remedies against the sureties, are either an action on the undertaking, or by a reference on application to the court, for an order directing the payment of money.

The plaintiff not having signed the undertaking, in this case, the proper remedy against him, is by an order of the court directing him to pay the damages.

*New York Special Term, June,* 1868.

*Before* INGRAHAM, *Justice.*

THE plaintiff commenced this action to enforce the specific performance of an agreement for the sale of a quarry, and obtained an injunction giving the usual bond in which he did not join. During the pendency of a motion to vacate the injunction, the plaintiff obtained leave to discontinue on payment of costs and without prejudice to the defendant's rights on the undertaking.

The defendant thereupon moved for a final adjudication and a reference to · compute his damages, and procured a reference and a report adjudging his damages to be $2,000, which was confirmed on motion by an order "finally adjudging that the plaintiff was not entitled to the injunction at the time of the making thereof, that the damages sustained by the defendant, thereby amounted to the sum of $2,060, · and directed that the plaintiff and his sureties should pay the same to the defendant.

Upon this order, the defendant on December 24, 1868, docketed judgment, issued an execution, and upon its being

returned unsatisfied, obtained an order to examine the plaintiff on supplementary proceedings.

The plaintiff thereupon (June, 1869), moved to set aside the judgment and the order for the supplementary proceedings.

DUDLEY FIELD, *for plaintiff, presented the following points.*

I. The assessment of damages cannot be made until the court has *finally decided* that the plaintiff is not entitled to the injunction. (*Code*, § 222 ; *Weeks* agt. *Southwick*, 12 *How.*, 171 ; *Shearman* agt. *N. Y. Central Mills*, 11 *id.*, 271; *Met. Ch.* agt. *Barker*, 18 *N. Y.*, 465).

II. There was no such final decision in this case.

1. The question of injunction was never passed upon, the action having been discontinued.

2. The *final decision* must be a judgment which is *entered*, and no judgment was never entered here, except the one which it is sought to set aside. (*cases supra.*)

III. In no case can judgment be entered upon the referee's report. That only fixes the amount of damages and liquidates them so he can sue on them. (*Wilde* agt. *Joel*, 15 *How.*, 327 ; *Brier* agt. *Heath*, 12 *How.*, *U. S. R.*, 177).

1. The case in 2 *Cal.* cited on the other side, is overruled here and at most, only decides that a party signing an undertaking, may thereby waive a trial by jury.

IV. The plaintiff here did not sign the undertaking, and is not bound by its terms. He is of course liable for any damages sustained by the defendant, by reason of the injunction, but they must be recovered in another way.

V. The judgment roll is, fatally defective; this is reason enough for setting the judgment aside. (*Townshend* agt. *Wesson*, 4 *Duer.*, 342 ; *affimed in court of appeals and not reported*).

GEO. W. WINGATE, *for defendant, argued:*

I. The plaintiff was liable upon the undertaking, whether he signed it or not.

It is required to be " on the part of the plaintiff" " that the *plaintiff* will pay " the damages. (*Code,* § 222).

It is therefore absurd, to say that his filing an instrument binding him to certain damages as a condition precedent to obtaining certain relief, imposes no liability upon him.

In *Askins* agt. *Hearns,* 3 *Abb.,*188, the court held that a plaintiff was liable *in the same manner,* and *to* the *same extent* without as with the undertaking required by the Code.

An absolute undertaking *"that the plaintiff will pay"* (whether executed by him or by another person), is an undertaking *on his part.* (*Leffingwell* agt. *Chave,* 10 *Abb.,* 476).

II. The regularity of the reference, the report and order of confirmation are *res adjudicata,* each having been executed at the time and no appeal taken. (*See affit.*).

III. The entry of judgment was proper.

1. The court had adjudged the plaintiff liable, had ascertained the defendant's damages and ordered the plaintiff to pay them, which order not having been appealed from, is conclusive. There was therefore, no necessity of any further litigation.

This was in itself an adjudication of an indebtedness—*a judgment.*

It is directly within the words of the Code, "a final determination of the rights of the parties in the action. (*Code,* § 245).

The making up of the *judgment roll* from the papers on file, was the duty of the *clerk,* not the attorney, and has nothing to do with the judgment. (*Code,* § 281; *Renouil* agt. *Harris,* 1 *C. R.,* 125; *Earle* agt. *Barnard,* 22 *How.,* 437).

2. This order was simply a *decree* at special term, which *when filed* became a judgment, and can be enforced by execution.

III. The discontinuance by the plaintiff was an acknowledgement that he could not maintain his action, and that the injunction was improperly granted, and a reference to ascertain the defendant's damages will thereupon be ordered. (*Taaks* agt. *Schmidt,* 19 *How.,* 414; *Crockett* agt. *Smith,* 14 *Abb.,* 62 ; *See also Coates* agt. *Smith,* 1 *Duer.,* 664; *Mutual Safety Ins. Co.* agt. *Roberts,* 4 *Sand. Ch.,* 592; *The Cumberland Coal and Iron Co.* agt. *The Hoffman Steam Co.,* 39 *Barb.,* 16).

Upon the confirmation of this report therefore, *there was nothing left* to litigate. The order was *to pay* and it unquestionably can be enforced *as an order,* if not *as a judgment.*

It is certainly a misuse of terms, to say that nothing can be entered upon an adjudication of this character so as to reach the debtors real estate or give a right to supplementary proceedings.

IV. In California (where the provisions of the Code are the same as that of New York) the entry of judgment upon the referee's report was not only *sustained,* but was *expressly ordered.* This it is contended is the correct practice.

V. It will be recollected that the right to a judgment is not asked against *the sureties,* against whom a new suit will undoubtedly be necessary, but between a plaintiff and defendant where all points have been conclusively adjudcated. (*Interest reipublicae ut sit finis litium.    Broom's Maxims*).

VI. The plaintiff having known of this judgment since December, 1868, and promised to pay it—it is now too late for this motion, particularly as the claim is conceded to be due, and the equities are all in favor of the defendant.

INGRAHAM, J. On the disolution of an injunction the defendant obtained an order of reference to assess the damages on the undertaking.

The undertaking was only signed by the sureties.  Referee reported the amount of damages sustained, which report was confirmed, and it was decided that defendant was entitled to recover the same of the plaintiff.

The same not being paid on demand, the defendant entered judgment on report.   So far as the sureties are liable, I do not think a judgment against them would be regular, until an action was commenced and summons served, or at least until notice had been given to them of the hearing before the referee.   (12 *Abb.*, 189 ;  15 *Abb.*, 427).   Nor do I see the propriety of entering a judgment against the plaintiff.

The defendant has two ways of enforcing a recovery on the undertaking, one by an action, the other by a reference. In the first he proceeds to judgment, in the other he applies to the court for an order directing the payment of money, and enforces it in the same manner as other orders of a similar character.

Where the plaintiff has not signed the undertaking, there can be no propriety in entering a judgment against him, and the only proceeding against him would be by an order of the court directing him to pay the damages.

I see no way in which this judgment can be sustained.

In granting the motion, I do not award costs, and the order must be without prejudice to any other proceedings the defendant may take, either by action on the undertaking or on the report, or by proceedings by way of attachment.

The motion was granted upon these conditions.