## NEW YORK COMMON PLEAS.

WILLIAM L. TROXELL, respondent, agt. JOHN C. HAYNES
*et al.*, appellants.

*Damages by reason of a preliminary injunction.*

Where, upon an order to show cause why a preliminary injunction should
not be continued against five defendants, four of the defendants are dis-
charged and their damages assessed upon the undertaking, but the trial
proceeds against the fifth defendant, when the plaintiff's complaint is
dismissed as to all the defendants, the taxable costs and extra allowance
upon the trial constitute no part of the damages assessed upon dissolving
the preliminary injunction.

*General Term, June* 1, 1874.

ROBINSON, *J.* — The object of this action was to enjoin the
defendants in the use of an unpatented secret of trade; and
this proceeding brings in review, on appeal, a decision made
upon the right of the defendants to enforce an undertaking
in the sum of $500, given on the granting of a preliminary
injunction. There were five defendants, and, on the hearing
upon the return of the order to show cause why the injunc-
tion should not be continued, that preliminary injunction
was dissolved as to four of the defendants, and retained as to
the defendant Haynes. An expense of $500 was incurred
by all the defendants, for counsel fees on that occasion; but,
by reason of the retention of the injunction against Haynes,
the damages of defendants on that motion have, upon a ref-
erence had under section 222 of the Code, been assessed at
$400. Upon a subsequent trial on the merits, the complaint
was dismissed as to all the defendants, and they recovered
for costs $347.94, which included an extra allowance of $250.

These costs have been paid, and the defendant and his sureties claim, and the judge from whose decision this appeal was taken has decided, that such costs and allowance were to be deducted from the $400 assessed as defendants' damages under the undertaking. As to the defendant Haynes, the motion to dissolve the injunction was denied, and it was continued until final judgment. Under these circumstances the respondent claims that such trial was necessary to determine the right to the preliminary injunction as to him, and that the taxed costs, including such extra allowance awarded the defendants " in a difficult or extraordinary case after defense interposed or trial had " (*Code, sec.* 309), were an indemnity to defendants (*Code, sec.* 308) ; that was to be considered *pro tanto* as an allowance for " damages sustained by reason of the injunction." No proof was offered or finding made by the referee that such extra allowance was in any way awarded in consideration of any services of counsel on the trial or upon any employment or effort having special reference to the removal of the injunction ; nor do I find any warrant in any of the authorities cited, for holding that the general taxable costs accruing in the action, including the extra allowance, and awarded by way of " indemnity for the expenses of the action " (*Code, sec.* 303), should be applicable or considered with reference to such special damages as were occasioned by the issuing of the injunction.

The language of the courts is uniformly to the contrary, and that none of the general costs of this action constitute any part of such damages (*Coates* agt. *Coates*, 4 *Duer*, 644 ; *Childs* agt. *Lyons*, 3 *Rob.*, 374 ; *Strong* agt. *De Forest*, 15 *Abb.*, 427 ; *Town of Guilford* agt. *Cornell*, 4 *id.*, 220 ; *Hovey* agt. *Rubber Tip Co.*, 50 *N. Y.*, 333 ; *Disbrow* agt. *Gracia*, 52 *N. Y.*, 654). The case of *Andrews* agt. *The Glenville Woolen Co.* (50 *N. Y.*, 287), is an exceptional one, where the original motion to dissolve the injunction " was not denied on the merits, nor for irregularity in making the motion, but because the court, in its discretion, thought it

more advisable to defer the inquiry into the merits until the final hearing." In the present case the continuance of the injunction, as against Haynes, in no way appears to have been ordered upon any such exceptional grounds, or that the hearing on the merits was at all deferred, or the motion decided otherwise than on the merits as they were then made to appear to the judge. The subsequent trial was then, as well to him as to the other defendants, an ordinary trial necessary for the disposal of the merits of the controversy. In such case, no counsel fees or costs of the trial are allowable as damages sustained by reason of the injunction, as is held in *Hovey* agt. *Rubber Tip Pencil Co.*, *Disbrow* agt. *Garcia*, and other cases above cited.

I am, therefore, of the opinion that the allowance by the judge of the taxable costs and extra allowance made on final judgment, and already paid, as part of the damages contemplated by the provisions of the undertaking, was error, and that the damages reported by the referee are not to be in any respect, for any of the causes stated, diminished or reduced.

The order should in this respect be reversed, and an order made confirming the referee's report; but I concur in the judge's opinion that no final judgment should be entered upon the report, but leave should be given to present the same.

LARREMORE, J., concurred.