JOSIAH NEWTON et al. *v.* LESLIE W. RUSSELL, Assignee, etc., Respondent.   AARON BAKER et al., Sureties, etc., Appellants.

Plaintiffs' complaint alleged a right in him to maintain a boom across the G. river and attach it to the defendant's premises, an interference with this right, and asked that such right might be adjudged. A preliminary injunction was asked for, and upon order to show cause granted, restraining defendant from interfering with said boom, and requiring him to show cause at a time specified, why the injunction should not be continued. At said time an order was made that within ten days after notice, plaintiffs give an undertaking in the usual form and thereupon, that the injunction be retained until the further order of the court, or a judge thereof; also that defendant might on notice as prescribed have a further hearing before another judge, and that thereupon the question of continuing the injunction should be treated as if the order to show cause had been originally returnable before said judge. The required security was given. Upon trial of the action defendant had judgment dismissing the complaint, and restraining plaintiffs from "putting a boom on defendant's land." In proceedings to ascertain the amount of damages claimed by the defendant, by reason of the preliminary injunction, held that the allowance of counsel fees, reasonably incurred by defendant "in the preparation for and trial of the action," was erroneous.

Also *held*, that the orders authorizing and making such allowance were reviewable here. (Code of Civil Procedure, § 190, subd. 3.)

*Newton* v. *Russell* (24 Hun, 40), reversed.

(Argued January 17, 1882; decided January 24, 1882.)

APPEAL from order of the General Term of the Supreme Court, in the third judicial department, made November 16, 1880, which affirmed two orders of Special Term, the substance of which, as well as the nature of the action and the

material facts are set forth in the opinion. (Reported below, 24 Hun, 40.)

*William A. Dart* for appellants. Defendants were not entitled to be allowed a counsel fee. (T. & S. Pr. 685; *Duigan* v. *Hogan*, 1 Bosw. 649; 16 How. 165–169; *Ward* v. *Dewey*, 7 id. 17–19; *Corning* v. *Troy Factory*, 6 id. 89, 93; *Hovey* v. *Rubber Tip Pencil Co.*, 12 Abb. [N. S.] 360, 361; 50 N. Y. 335; *Disbrow* v. *Garcia*, 52 id. 664.) The liabilities of the sureties ended with the damages sustained by defendants by reason of the injunction. (*Palmer* v. *Foley*, 71 N. Y. 106; *Hotchkiss* v. *Platt*, 8 Hun, 46; *McDonald* v. *Jones*, 38 N. Y. S. C. 76.) Counsel fees will only be allowed, when the granting of the injunction involved the whole merits of the action, and its dissolution would have rendered a trial unnecessary, or when a motion to dissolve was denied otherwise than on the merits, and its retention rendered the trial of the action more difficult and expensive. (12 Abb. [N. S.] 360; 50 N. Y. 335; 52 id. 654; 8 Hun, 46; *Allen* v. *Brown*, 5 Lans. 514; 47 How. Pr. 474; 38 N. Y. S. C. 76; *Troxill* v. *Hains*, 5 Daly, 389.)

*Leslie W. Russell*, respondent, in person. The order of General Term was not appealable. (*Lawton* v. *Green*, 64 N. Y. 326; *Sherman* v. *Felt*, 3 How. Pr. 426.) The order for substitution was correct. (Code of Civil Procedure, §§ 755–760; *Getty* v. *Spaulding*, 58 N. Y. 636; *Howard* v. *Taylor*, 11 How. 380.) The direction to allow counsel fees in Judge LANDON's first order is not reviewable; it was not made *in invitum*, and the discretion of the judge having been appealed to, the party for whom the order was made cannot now urge it should not have been granted. (*Foshay* v. *Drest*, 4 Bosw. 664; *Fost* v. *Baird*, 1 N. Y. 43; *Briggs* v. *Vandenburgh*, 22 id. 468; *Whittaker* v. *Stebbin*, 36 N. Y. S. C. 192.) The original order on the appeal taken from the order confirming the report of the referee was not reviewable. (Code of Civil Procedure, §§ 623, 1301, 1316, 1317; *Dresser* v. *Van Pelt*, 15 How. Pr. 19;

*People, ex rel. Day,* v. *Bergen,* 9 Hun, 202; *Sands* v. *Codwise,* 4 Johns. 536; *Mapes* v. *Coffin,* 5 Paige, 296.) The original order being unreversed and not reviewable it stands as *res adjudicata* and conclusive. (*Bangs* v. *Strong,* 4 N. Y. 315; *Dwight* v. *St. John,* 25 id. 203.) Counsel fees were properly allowed. (*Aldrich* v. *Reynolds,* 1 Barb. Ch. Pr. 613, 616; *Edwards* v. *Bodine,* 11 Paige, 223; *Northrup* v. *Gerrit,* 17 Hun, 497; *Corcoran* v. *Judson,* 24 N. Y. 106; *Rose* v. *Post,* 56 id. 603; *Andrews* v. *Glenville Woolen Co.,* 50 id. 282; *Bennett* v. *Brown,* 20 id. 99; Sedgwick on Damages, 177; 3 J. & S. 83, 84; *Park* v. *Musgrave,* 6 Hun, 223.) They were a proper part of the damages. (Story's Equity, § 826; *Bailey* v. *Briggs,* 56 N. Y. 407; *Hoag* v. *Rathbon,* 1 Clark's Ch. 12; *Pitkin* v. *Cooley,* 5 Hun, 48.)

DANFORTH, J. The complaint alleged a right in the plaintiffs to maintain a boom across Grass river, with one end attached to defendant's premises, that the defendant interfered therewith, and asked that the right to maintain such boom and attach the same to said premises should be adjudged. At the beginning of the action the plaintiffs obtained a preliminary injunction, in effect restraining the defendant from interfering with the boom, and requiring him to show cause, at a time specified, why the injunction should not be continued. An order was then made that within ten days after written notice to do so by defendant, plaintiffs give an undertaking in the sum of $2,500 with condition in the usual form, and that being done the injunction should be retained until the further order of the court or a judge thereof. It was also ordered that the defendant might, on a notice of not less than five days, have a further hearing before another judge upon the order to show cause; and the question of continuing the injunction should then be treated as if the order to show cause had been originally returnable before him. The required security was given and the appellants became sureties thereon.

Upon trial of the issues the plaintiffs failed and the defendant

·had judgment, dismissing the complaint with costs and restraining the plaintiffs from " putting a boom on defendant's land." On the 27th of May, 1878, a reference was ordered to ascertain the amount of damages sustained by the defendant " by reason of the preliminary injunction," and the referee was directed to allow as part of such damages counsel fees reasonably incurred by defendant " in the preparation for and trial of the action," and the sum of $50 was then agreed upon by the respective parties, " as the other damages sustained by reason of the injunction." The referee reported, as counsel fees incurred "in the preparation for and in connection with the trial of the action," $450, and (under the stipulation) all other damages, $50.

Exceptions were taken by the plaintiffs to the first item, and the report confirmed by the Special Term, May 24, 1880. In the meantime, the claim for damages having been assigned to Russell, he was substituted as party in interest in place of Cleveland. The sureties appealed to the General Term, from so much of the order of May 27, 1878, as directed the allowance of counsel fees, and from the whole of the order of May 24, 1880. After affirmance of both orders they appealed to this court..

Whether the plaintiffs had a right to attach a boom to the defendant's land whenever the convenient prosecution of their business required was the matter in controversy between the parties. It was asserted by the plaintiffs and denied by the defendant. The plaintiffs attached and the defendant detached the boom. Each act, if unauthorized, was a trespass, and from the commission of the act complained of, each party sought, in this action, to restrain the other. The pleadings are not set out at length, but it may be assumed that the case made by the complaint would entitle the plaintiffs to an injunction as ultimate relief, and that a preliminary injunction was necessary to prevent intervening injury. So with the defendant's case, as stated in his answer. It was established only after controversy and labor, which entailed upon him the expense stated in the first item of the referee's report, and the question upon this appeal is, whether it can properly be charged to the appellants.

They undertook, that the plaintiffs "will pay to the defendant," "any damages not exceeding" a sum named, "that he may sustain by reason of such injunction, if the court shall finally decide said plaintiffs not entitled thereto." · It is well settled that fees of counsel for services in procuring a dissolution of an injunction, and in attending a reference to assess damages consequent thereon, are properly within the language of such an undertaking (*Rose* v. *Post*, 56 N. Y. 603), but it is equally well settled that counsel fees incurred on the trial of the issue in the action are not allowable upon such assessment, unless they were incurred solely or principally in consequence of the injunction. (*Disbrow* v. *Garcia*, 52 N. Y. 654; *Hovey* v. *The Rubber Tip Pencil Co.*, 57 id. 119; *Andrews* v. *Glenville Woolen Co.*, 50 id. 282.)

The finding of the referee deprives the respondent of the benefit of that exception. It is apparent, not only from that finding but the evidence by which it was justified, that the services for which compensation was sought were rendered in the regular conduct of the cause, and might have been included in the allowance which, in prescribed cases, is authorized by way of indemnity for the expenses of the action. They had no relation to any special or incidental damage occasioned by the issuing of the injunction. In *Corcoran* v. *Judson* (24 N. Y. 106), cited by the respondent, the injunction and the object of the action was to stay payment of an award, and the undertaking was to pay the cost and damages arising from the adverse claim, and from the obligors contesting its payment. Those damages could only be ascertained by the result of the action, and were to be measured by it. *Andrews* v. *Glenville Woolen Co.* (*supra*) is also exceptional. A motion to dissolve the injunction had been made but "the court required that the question should be deferred, to be disposed of on the trial." But for the injunction the defendant might, in that case, as in the one just referred to (*Corcoran* v. *Judson*), have collected the money before any trial. A trial was necessary, not merely to dispose of the issue, but to get rid of the injunction. In the case before us such reasoning has no place. The plaintiffs

sought a judgment which would determine their right to maintain the boom. The dissolution of the injunction would have subjected the plaintiffs to the danger of annoyance, but in nowise tend to determine the issue in the action. If the preliminary injunction had been disposed of upon motion, the issue might, subsequently, have been determined in favor of the plaintiffs and a new injunction followed, notwithstanding the dissolution of the first. So far from refusing to dissolve the injunction or directing it to stand until the trial of the issue, the order of the court requiring additional security, for a temporary stay, sustained it only until the further order of the court or judge, and left in force the order to show cause against its continuance. The right to bring that question to a hearing or move for dissolution of the stay according to the usual practice of the court was at no time taken from the defendant. Indeed, it was, under the order, optional with him to accept additional security or take the usual course for dissolution. His choice, to take the security, cannot enlarge the liability of the sureties. The order is appealable. It was made in a special proceeding, is a final order and affects a substantial right. (Code of Civil Procedure, § 190, sub. 3.) It seems to us erroneous and should therefore be reversed.

It follows, that so much of the order of the Special Term of May 27, 1878, as is appealed from should be reversed, and the order of the Special Term of May 24, 1880, modified by striking out the sum of $450 (part of the $500 thereby allowed), as of February 10, 1879 ; and as the order of reference and subsequent litigation was made necessary by the allowance of counsel fees, the referee's fees, mentioned in said order, should also be disallowed as a charge against the appellants, but so far as it allows substitution and $50 damages it should be affirmed. As the appeal was too broad but in part successful, neither party should have costs against the other in the Special or General Term, or this court.

All concur.

Ordered accordingly.