## HENNESSY *v.* CITY OF ST. PAUL.

*(Circuit Court, D. Minnesota. February 6, 1889.)*

NUISANCE—ABATEMENT—MUNICIPAL CORPORATIONS—POWERS.

> St. Paul Mun. Code, art. 32, p. 41, which confers upon the common council "full power and authority to remove and abate any nuisance injurious to public health or safety, and to remove, or require to be removed, any building which, by reason of dilapidation, defects in structure, or other causes, may or shall have become imminently dangerous to life," etc., does not confer upon the council the exclusive jurisdiction to determine what constitutes a nuisance, but only authorizes the abatement of that which is in fact a common nuisance.

At law. On motion for new trial.

Action by David J. Hennessy against the city of St. Paul for damages caused by tearing down and removing plaintiff's building. Verdict for plaintiff, and defendant moves for a new trial.

*Young & Lightner*, for plaintiff.

*W. P. Murray*, for defendant.

NELSON, J.   A suit was brought against the defendant for tearing down and removing plaintiff's frame building located on Robert street, in the city of St. Paul, in this district.   The building was rented at the time a fire damaged it to the extent of from 30 to 50 per cent. of its value.   It was vacant and untenanted on April 30, 1886, and was declared by the common council of the city imminently dangerous to life and property by reason of fire and its dilapidated condition, and a nuisance, and on July 1, 1886, was taken down.   The act of the city is attempted to be justified under its charter and ordinances.   The trial resulted in a verdict for the plaintiff.   The charter of the city of St. Paul gives the common council power and authority to remove and abate any nuisance injurious to public health or safety, and to remove any building which, by reason of dilapidation   *   *   *   or other causes, may have or shall have become imminently dangerous to life and property.   City Charter, p. 41, art. 32, Mun. Code St. Paul.   On October 7, 1869, the following ordinance was passed (article 32, p. 41, Mun. Code St. Paul:)

"The common council shall have full power and authority to remove and abate any nuisance injurious to the public health or safety, and to remove, or require to be removed, any building which, by reason of dilapidation, defects in structure, or other causes, may have or shall become imminently dangerous to life or property," etc.

On April 30, 1886, a resolution of the common council was approved by the mayor, authorizing the destruction and removal of plaintiff's building.   It was urged on the trial, and it is pressed with some degree of earnestness, that under the charter and ordinance as above recited, the exclusive jurisdiction was conferred upon the common council to determine what constitutes a nuisance.   I do not think so.   The common council undoubtedly has the power to abate nuisances, and a dilapidated and vacant building, by reason of fire, and its temporary occupation by disorderly persons and trespassers, and its use as a receptacle of filth, may become a common nuisance as recognized by law.   But unless a nuisance, as defined by the common law or by statute, exists, the act of the common council cannot make it one by a mere resolution. Such a doctrine might place the property of the people, no matter what in fact might be its real condition and character, at the disposal of the common council, without compensation.   A nuisance cannot be created by mere declaration of the city council, unless it is in some manner injurious to the public; and the ordinance or declaration heretofore recited is no defense in this suit, unless the building is proved to be a common nuisance.   Power to abate or suppress is confined to abating or suppressing that which is imminently dangerous to life and property, and a nuisance; and where the facts do not create the danger, a resolution or or-

dinance of the common council to the contrary cannot avail. 1 Wood, Nuis. § 744; *Everett* v. *City*, 46 Iowa, 66; *Yates* v. *Milwaukee*, 10 Wall. 497; *Clark* v. *Mayor*, 13 Barb. 32; *Underwood* v. *Green*, 42 N. Y. 140. In the case cited by counsel (*Harvey* v. *Dewoody*, 18 Ark. 252) the demurrer interposed by the plaintiff to the plea of the defendant admitted the facts alleged, which showed the building a nuisance *per se*. No evidence was excluded on the trial tending to show the building unsafe, and dangerous to life and property, and I find no error committed. Motion for new trial denied.