HENRY LAMB *vs.* WILLIAM B. SHAW and others.

June 20, 1890.

**Action on Injunction Bond—Measure of Damages.**—In a suit upon a
    statutory injunction bond, only such expenses for counsel fees can be con-
    sidered or included in the damages for a breach of the condition therein
    as are shown to have been necessarily incurred in procuring a dissolu-
    tion of the injunction.

**Same—Counsel Fees.**—Expenses for services of counsel, incurred in abor-
    tive attempts to set aside the same, or in the regular conduct of the trial,
    and necessarily incident thereto, independently of the allowance of the
    temporary injunction, are not to be allowed in such suit.

Appeal by plaintiff from an order of the district court for Ramsey
county, *Vilas,* J., presiding, sustaining a demurrer to the complaint.

*Johns, Michael & Johns,* for appellant.

*C. M. MacLaren,* for respondents.

VANDERBURGH, J.   This action is brought to recover damages upon
an injunction bond, being, as plaintiff claims, the amount of the
expenses incurred by him for counsel fees, upon applications to set
aside the preliminary injunction issued by the court in an action
brought by defendant Shaw against this plaintiff, to restrain the en-
forcement of a certain judgment previously recovered by the plaintiff
against him and others, and upon the trial of the principal action.
The applications were denied, and the injunction retained until the
trial, when the action was dismissed upon the motion of this plain-
tiff, upon the default of the defendant Shaw to appear and prosecute
the same.   The temporary injunction is a provisional remedy, which

may be allowed upon a proper showing before trial, by the court, pending the principal action, "when it appears by the complaint that the plaintiff is entitled to the relief demanded, and such relief  *  *  * consists in restraining the commission or continuance of some act the commission or continuance of which during the litigation would produce injury to the plaintiff," etc.    Gen. St. 1878, c. 66, § 200. The substance of the complaint in the injunction suit is not fully disclosed by the complaint in this action, but we must presume that it stated substantive facts sufficient on its face to warrant the relief asked, and which would be the proper subject of litigation between the parties.    If, as would seem to be the case, the question involved was the validity of a judgment upon which the execution sale was sought to be restrained, the determination of that question would not necessarily cease to be important or material to the plaintiff's rights in that suit, though the sale was not temporarily restrained, and he might be embarrassed and prejudiced by the proceedings.    Presumptively, therefore, the litigation in the principal action would proceed and be determined on its merits, though no temporary injunction had been issued.    We must presume, also, that the motions to dissolve the injunction, upon the record before the court, were properly denied, and that the expenses for counsel fees incurred upon the trial of the principal action were such as were incident to such trial, and they are not, therefore, to be treated as expenses incurred in procuring a dissolution of the injunction.    The services were such as were rendered in the regular conduct of the case, and as would necessarily have been rendered independently of the injunction.    The bond upon which this action is brought is in the form required by the statute, and is conditioned to pay the party enjoined such damages as are sustained by reason of the writ, if the court finally decide that the party was not entitled thereto.    The plaintiff was entitled to recover damages shown to have been suffered by him by reason of the preliminary injunction, but we do not think the counsel fees sued for in this action can be properly included therein.   His expenses in abortive attempts to set it aside, and, as we have seen, upon the trial of the principal action, are not within the terms of the bond. In *Corcoran* v. *Judson*, 24 N. Y. 106, the terms of the bond were

broader, and the rule there applied is distinguished in later cases. We are not disposed to extend the general rule as stated in *Frost* v. *Jordan*, 37 Minn. 544, (36 N. W. Rep. 713.) See *Rose* v. *Post*, 56 N. Y. 603; *Cook* v. *Chapman*, 41 N. J. Eq. 152; *Noble* v. *Arnold*, 23 Ohio St. 264, 270; *Newton* v. *Russell*, 87 N. Y. 527; *New Nat. Turnpike Co.* v. *Dulaney*, 86 Ky. 516, (6 S. W. Rep. 590;) *Bustamente* v. *Stewart*, 55 Cal. 115.

Order affirmed.