A. J. JAMISON ET AL. *v.* J. N. DULANEY ET AL.

INJUNCTION. *Attorneys' fees on dissolution.*

> Where a suit in equity is alone for injunction, and its issuance is preliminarily obtained, and it is afterwards dissolved, the complainant being cast in the suit, the defendant is entitled to recover attorneys' fees necessarily incurred in defending the whole case.

FROM the chancery court of Chickasaw county, first district.
HON. BAXTER McFARLAND, Chancellor.

The town of Houston issued $4,000 in bonds for municipal purposes. The appellants enjoined the collection of a small amount of taxes levied on their property to pay these bonds. Their bill for injunction was demurred to and the demurrer sustained, injunction dissolved and $40 attorneys' fees awarded against complainants. From this interlocutory decree the complainants prosecuted an appeal. The complainants, after disposition of the appeal, filed an amended bill, to which the defendants answered, and, on motion to dissolve the injunction, on pleading and proof, the injunction was dissolved. An appeal was prosecuted from this decree of the court below and it was affirmed. When the mandate, after the second appeal, reached the court below, defendants moved the court to dismiss the suit and award them $400 damages for attorneys' fees. From the decree on the motion sustaining the same, this appeal is prosecuted.

*W. G. Orr*, for appellant.

The interlocutory decree dissolving the injunction and awarding $40 attorneys' fees is *res adjudicata*. The grant of attorneys' fees appealed from is excessive. The taxes actually en-

joined by complainants do not exceed the amount awarded. The decree appealed from is void, because notice of the motion on which it was made was not given the complainants. It is true the litigation settled the validity of the whole issue of the bonds in one sense, but all the taxes were not enjoined.

*T. J. Buchanan, Jr.*, and *Wm. S. Bates*, for appellees.

The decree is not objectionable because the court allowed damages to appellees on hearing its first motion to vacate the temporary injunction, for, by that act the court did not lose jurisdiction. The question of allowance here, like that of taxing costs against parties as the suit progresses, is within the discretion of the court, and may be exercised by it in the award of damages to appellee. Any other theory would withdraw from the chancery court the power vested in it to grant full and adequate relief in this matter to appellees, on the final determination of appellant's injunction suit.

Where the dissolution is the only relief asked, a reasonable attorney's fee is allowed. Beach on Injunction, sec. 203, p. 212; 81 Mo., p. 81; 103 Mo., p. 284. The appellees would be entitled to fees in resisting the attempt to have the injunction made perpetual, and in resisting efforts to reverse the decree of the lower court.

Argued orally by *T. J. Buchanan, Jr.*, for appellees.

WHITFIELD, J., delivered the opinion of the court.

This is the third appearance of this case in this court. The original bill entitled the complainant to no other relief than injunction, and the validity of the whole issue of bonds was determinable by its result, and the chancellor dissolved the injunction, allowing some $40 as attorney's fees. This court, on appeal, affirmed that decree. When the cause was remanded, the complainants asked leave to file an amended bill, substantially identical with the original bill. This was refused, and,

on appeal, we affirmed that decree. When the case was the second time remanded, the counsel for appellees, who had rendered services at all stages of the cause in the chancery court and in this court, were allowed $400, less the previous allowance, and this appeal brings into review the propriety of this action of the learned chancellor.

As stated, the only relief prayed was the injunction, and the validity or invalidity of the whole issue of bonds was put, by the bill, directly in issue. As said in *Hammerslough* v. *Kansas City*, 79 Mo., p. 87: "It is true the services were assessed as covering the whole case, but a trial of the motion to dissolve must have brought up all the material issues of the case and rendered it necessary to dispose of the whole case on the motion." The best announcement of the rule we have seen is in *Thomas* v. *McDonald*, 77 Iowa, 302, where the court says: "The sole question before us, is whether the services rendered in answering the petition and defending on the trial were services in defending against the injunction. This depends upon whether the case was an independent proceeding for injunction alone, or whether the injunction was a mere auxiliary to a proceeding for other relief. The relief asked was that the sale be enjoined [just as in the case at bar], and for such other and further relief as the petitioner is entitled to. The allegations of the petition did not entitle the petitioner to any other relief than injunction. Strike the prayer for injunction, and the allegations upon which it is asked, from the petition, and there is no case left. True, the relief asked in this case depends upon the question of title, but that does not change the fact that it is an independent proceeding for injunction only. Being for injunction only, there is nothing else in the case to defend against. . . . The case was one for injunction alone, and what was done in the way of defense was against the injunction, and resulted in its dissolution. We hold that, under the facts certified, the plaintiff was entitled to recover his expenses for attorneys' fees necessarily incurred in defending the case in equity."

The rule is expressly so declared in 2 High on Inj., sec. 1686; 1 Beach on Inj., sec. 203, note 4, end; and in *Bolling* v. *Tait*, 65 Ala., 428.

*Affirmed.*