## FULLERTON, ET AL., v. POOL.

JUDGMENT ON PLEADINGS — INJUNCTION BOND — RES-JUDICATA.

1. Plaintiff had been enjoined from taking water from a certain irrigating ditch, and brought suit upon the injunction bond, alleging that it had been finally decided that the injunction ought not to have been granted. In the latter suit, defendants answered that the principal defendant was the owner of an interest in the ditch, and plaintiff had continually tapped the ditch and diverted water therefrom without defendant's consent and to his injury, and the injunction suit had been brought in good faith to restrain the plaintiff's actions in that respect. In reply plaintiff set out the allegations of the pleadings in the injunction suit to show that the defense attempted

to be interposed had been already adjudicated.    Defendant moved for judgment upon the pleadings.    *Held*, that a denial of the motion was not error.

2.    In an action upon an injunction bond defendants are concluded by the decree upon the question whether or not there was any right to an injunction, and they are not at liberty to reopen the questions which were the subject matter of the injunction suit.    In such an action matters which go to the merits of the injunction are not admissible as a defense.

3.    The condition of the bond requiring the defendants to save the plaintiff harmless in case it should be finally decided that the injunction ought not to have been granted, and it having been so decided; the injunction having restrained the plaintiff from diverting certain water; the water rights of the parties were not involved in the suit upon the bond.

[Decided December 19, 1899.]

ERROR to the District Court, Johnson County, HON. JOSEPH L. STOTTS, Judge.

Suit upon an undertaking given to secure the operation of a temporary restraining order.    Judgment was for plaintiff, and defendant brought error.    The facts are stated in the opinion.

*Alvin Bennett*, for plaintiffs in error.

The reply was insufficient as a plea of former adjudication.    (Crum v. Rea (Ind.), 42 N. E., 1033; Kitson v. Peoples, 23 id., 1020; Sparger v. Romine, 57 N. W., 523; Van Fleet on Former Adj., 1329; Potter v. Baker, 19 N. H., 166; Solly v. Clayton, 12 Colo., 30; Trustees v. Massengill, 5 S. W., 719; Ency. Pl. & Pr., Vol. 9, 624; Greenwood v. Warren, 23 So., 686; Montrose, v. Wannamaker, 11 N. Y. Sup., 106; Glaser v. Meyrovitz, 24 So., 314.)

A judgment upon demurrer for defendant does not necessarily establish the truth of all the defenses where several are pleaded.    (Witch v. Phelps, (Neb.), 20 N. W., 840; Ry. Co. v. Leathe, 84 Fed., 103; Russel v. Place, 94 U. S., 606.)    Nothing is determined by the prior action

unless it appears affirmatively by legal evidence that the same matter was then determined. (Smith v. Inhabitants, (Me.) 13 Atl., 890; Young v. Pritchard, 75 Me., 518; Hill v. Morse, 61 id., 543; Arnold v. Arnold, 17 Pick., 8; Scott v. Wagner (Kan.), 42 Pac., 741.) The two actions were not identical. See 94 U. S., 351. The question of the ownership of the lateral was an immaterial issue in the former action.

*W. S. Metz*, and *Clark & Breckons*, for defendants in error.

Matters which go to the merits of an injunction suit cannot be relitigated in an action on the bond. (2 High on Inj., 1652, 1641, 1624; Darling v. Pollock, 18 Cal., 625.) A judgment on demurrer is conclusive unless reversed on appeal. (Luthrel v. Reynolds, 37 S. W., 1051; Black on Judg., 625, 707; Bissell v. Township, 8 Sup. Ct. R., 495.) The matters set up by the defendants and proposed to be testified to, were fully pleaded in the injunction suit, and were fully determined therein, and the judgment was res-judicata. Black on Judg., 500, 503, 616.

POTTER, CHIEF JUSTICE.

This action was instituted in the district court by Daniel J. Pool, the defendant in error, upon an injunction bond which had been executed by plaintiffs in error in a cause wherein Robert W. Fullerton was plaintiff and Daniel J. Pool was defendant. The bond was given in the penal sum of three hundred and fifty dollars, and was conditioned as follows: —

"That whereas, the above-named Robert W. Fullerton has commenced an action in the district court in the said county of Johnson, against the above-named Daniel J. Pool, and obtained an injunction order from the judge of said court restraining the said defendant, Daniel J. Pool, from tapping the ditch or interfering in any manner with, or taking water from, the Babcock, Brown & Fullerton Ditch, in said county of Johnson, until the further order

of the court. Now, the conditions of this obligation are such that if the said defendant, Daniel J. Pool, shall be saved harmless from all damages he may sustain, if it be finally decided that said injunction ought not to be granted, then this obligation to be null and void, otherwise to remain in full force and effect.''

The petition alleges the commencement of the action wherein the bond was given, and that the object of said action was to enjoin said Pool from using or taking water from the ditch mentioned in the bond, and from taking water from Piney Creek. It is also averred that a temporary restraining order was granted and thereby said Pool was prevented from using water for the purpose of irrigating his lands until the final hearing of the case in the district court November 12, 1897. The date of the injunction was June 21, 1897. The following further allegations in substance are contained in the petition. That at the time of the issuance of the restraining order the plaintiff (Pool) was engaged in farming and stock raising on his said lands, and had large crops of wheat, oats, hay, and vegetables then growing thereon, which he was engaged in irrigating from the said Babcock, Brown & Fullerton Ditch; that said crops required irrigating for their successful cultivation; and, owing to the said injunction, the plaintiff was wholly deprived of the use of the water from said ditch and from all sources for that purpose; in consequence whereof, said crops were destroyed and burned up by drouth to the damage of plaintiff in a sum greater than the penalty named in the bond; that at the final hearing of the suit wherein the bond was given, the injunction was dissolved, and it was decided that said restraining order and injunction ought not to have been granted. A breach of the bond is averred, and the prayer is for judgment for $350.00 and interest from November 30, 1897.

A joint answer of all the defendants (plaintiffs in error here) was filed, admitting the bringing of the injunction suit and the execution of the bond; and alleging for a

separate defense that at the time of the commencment of the injunction suit said Fullerton was and continued to be the owner of a certain interest in the " Babcock, Brown & Fullerton Ditch, taking its water from the Piney and tributaries through the Piney Divide; " and that said Pool had been continually tapping the said ditch at a point above said Fullerton's lands, and diverting the water from the ditch without the latter's consent, thereby depriving him of sufficient water to irrigate his crops; and the injunction suit was brought in good faith to restrain said Pool from interfering with said water and preventing the same from running upon the land of said Fullerton; that on or about November 12, 1897, upon the demurrer of the plaintiff in the injunction suit to the defendant's answer, the temporary restraining order which had been previously issued was dissolved, and the action dismissed; but it was denied that there was a final judgment rendered determining the rights of the said Fullerton in any way to said water or irrigating ditch. It was denied that there had occurred any breach of the bond; a denial was also attempted of the allegation that it had been decided that the injunction had been wrongfully granted; but the answer is so framed as to make such denial apply to the bond rather than the injunction, undoubtedly through an unintentional misuse of language.

As another separate defense, the damages alleged to have been sustained by the plaintiff was denied.

A reply was filed which with much particularity recites the allegations of the pleadings in the injunction suit, and alleges that the defense, attempted to be interposed by the averments respecting Fullerton's water right, had been adjudicated in the former suit, adverse to his claim as against Pool's right to divert the water to the extent claimed by him.

1. The defendants (plaintiffs in error) filed a motion for judgment upon the pleadings, on the ground that there was no denial of the new matter set up in the answer, and " that there is no defense set up by said plaintiff to the

new matter alleged in the said defendant's answer." That motion was overruled, and the ruling is assigned as error.

It is clear that it was not error.   Even if it had been a fact that Pool, the obligee in the bond, had no right to take any water from the ditch, and if such fact would have constituted a defense to the suit upon the bond, such absence of right is not alleged in the answer.   For all that the answer shows or alleges, the water diverted by Pool may have been rightfully diverted.   If he had the right to take the water, he needed no consent from Fullerton that he might do so.   But in addition to that the reply alleged that the right of Pool to divert the water had been adjudicated in his favor in the former suit, and enough was set out to show that such right was directly involved in that suit.   We are unable therefore to perceive, under these circumstances, upon what principle the defendants were entitled to a judgment upon the pleadings.

2. This action upon the bond went to trial before the court without the intervention of a jury, and judgment was rendered in favor of defendant in error, plaintiff below, for the sum of $350.00 damages, and the costs of suit.

No claim was made in the motion for new trial, nor is it now contended that the damages are excessive, such damages as were proved were shown to have been the direct result of the injunction.   It appears from the final order disposing of the injunction suit, which was introduced in evidence, that the court in that cause expressly found and decided that the injunction should not have been granted, and that it was thereupon wholly dissolved and set aside, the action dismissed, and the defendant (the obligee in the bond), awarded a judgment for his costs.

Upon the trial of this action brought upon the bond, the defendants (plaintiffs in error) offered to prove by Mr. Fullerton that the defendant in error, Pool, had no interest or ownership in the lateral ditch as to which he was enjoined in the former suit.   The offer was objected to, and the objection sustained.   This is assigned as error,

and the third, fourth, and fifth assignments of error relate particularly to this ruling of the court.

The pleadings in the injunction suit had been introduced in evidence, and disclosed that Fullerton, the plaintiff therein, after alleging in his petition his own right to take water from the ditch involved in that suit, charged that Pool, the defendant therein, was continually diverting the waters thereof without authority, appropriation, right or consent, and in defiance of the right of the plaintiff, thereby depriving the latter of sufficient water to irrigate his land. A temporary restraining order was prayed, and also that the injunction be made perpetual upon the final hearing of the cause. In the answer filed by Pool in that suit, he averred that he had appropriated and had the right to divert and use the water which he had been taking; that he was part owner in the main ditch, and Fullerton and himself were equal owners of the lateral ditch by means of which he diverted and used the water. He denied having interfered with the water right of Fullerton, or any of the waters to which the latter was entitled. He alleged further, that the capacity of the lateral was ample to convey the waters to the extent of the right of both himself and Fullerton, and that there was sufficient water flowing through the main ditch and the lateral to supply the water rights of both of them. As an additional defense, it was alleged that the plaintiff Fullerton had, ever since the commencement of the suit, caused the water flowing in the lateral to overflow its banks and run to waste, and the water, to which defendant was entitled, to flow down the bed of Shell Creek below the lands of the plaintiff. These allegations the court found to be true, as appears from the final order already referred to. As a result of that finding evidently, it was decided as aforesaid, that the injunction had been wrongfully granted.

The only conceivable object and tendency of proving the water rights of Fullerton and the absence of any right in Pool to either the ditch or the water therein, would be to relitigate the questions involved in the injunction suit.

It is a well-settled principle that in an action upon an injunction bond, the defendants are concluded by the decree upon the question whether or not there was any right to an injunction, and they are not at liberty to reopen the questions which were the subject-matter of the injunction suit. In such an action matters which go to the merits of the injunction suit are not admissible as a defense. 10 Ency. Pl & Pr., 1126; 2 High on Inj., Secs. 1652, 1641, 1624.

The argument of counsel upon the subject of *res-judicata*, is not applicable. The water rights of the parties, and their title respectively to the ditch or ditches, are not involved in this controversy. Here, we have a suit upon a bond, the execution of which is admitted. The question is whether there has occurred a breach of the bond, and if so, what amount of damages have been sustained. The condition of the bond required the plaintiffs in error to save the defendant in error harmless in case it should be finally decided that the injunction ought not to have been granted. It was finally decided that the injunction ought not to have been granted. The plaintiffs in error are not at liberty to go behind that judgment and relitigate the question of the right to the injunction. Not having saved the defendant in error harmless, the only remaining question was the amount of the damages. The offered testimony would not have responded or have been pertinent to that inquiry. It was properly excluded.

3. A witness for plaintiffs in error, the officer who served the injunction order, was interrogated as to whether, when he served the order, the water in the lateral was dammed up so that it was impossible for more than one third to flow down to Mr. Fullerton's place. An objection to the question was sustained. This is also assigned as error. It is clear that it was not error. The testimony could have no possible effect upon the case, and was not relevant to any of its issues. It may have been a pertinent subject of inquiry in the injunction suit,

but was certainly foreign to any question arising in the case at bar.

The remaining assignments in error which may be reduced, in substance, to a charge that the judgment was erronously rendered against plaintiffs in error, are not separately discussed in the brief of counsel, and are evidently based upon the alleged errors already considered.

For the reasons given in the foregoing discussion, the judgment will be affirmed.                    *Affirmed.*

CORN, J., and KNIGHT, J., concur.