JOSEPH STONE & others, trustees, *vs.* JOSEPH W. HEATH
& others.

Middlesex.    January 23, 1901. — June 19, 1901.

Present: HOLMES, C. J., KNOWLTON, MORTON, BARKER, & LORING, JJ.

*Board of Health.    Superior Court.    Equity Jurisdiction.    Nuisance.    Water
Supply.*

The jurisdiction over nuisances given to town boards of health by Pub. Sts. c. 80,
§§ 20–27, is summary in its nature, and the orders made thereunder are not sub-
ject to judicial examination and revision at the instance of parties affected by
them before they are carried out.  After they are carried out, however, the
questions whether there was a nuisance, and, if so, whether it was caused or
maintained by the parties charged therewith, may be litigated.

The Superior Court has no power, either under its general equity jurisdiction or
under Pub. Sts. c. 80, § 26, to grant an injunction to restrain a town board of
health from exercising the summary jurisdiction to abate nuisances given to it
by Pub. Sts. c. 80, §§ 20–27.

St. 1897, c. 510, does not give the State board of health exclusive jurisdiction of
nuisances affecting the purity of the sources of water supply.  There is nothing
in that statute which takes away or limits the power of local boards of health to
deal with nuisances in their respective jurisdictions.

Under Pub. Sts. c. 80, § 20, giving town boards of health the power to examine into,
destroy, remove or prevent "all nuisances, sources of filth, and causes of sick-
ness" within the town, those boards have jurisdiction over nuisances affecting
the purity of the water supply as well as other causes of sickness.

When a town board of health has adjudged that a nuisance exists, the question
what influences or motives may have set the board in motion is immaterial.

It furnishes no ground for interference with a town board of health, who have
adjudged certain deposits on land of the plaintiff to be a nuisance as creating
danger of pollution to the water supply of the town, that the action of the board
was taken with a view to affecting proceedings in a suit pending in the Superior
Court between the plaintiff and the company supplying the town with water.

Where a town board of health adjudged certain deposits on land of the plaintiff to
be a nuisance, and the plaintiff's land and deposits thereon of the character
complained of lay partly in the town to which the board belonged and partly in
an adjoining town, it was *held*, that the order of the board must be taken as
limited in its scope to the town to which the board belonged, and an objection
that it was in excess of their jurisdiction was not well founded.

BILL IN EQUITY praying for an injunction against the board
of health of the town of Wakefield, to restrain them from enter-
ing on certain lands of the plaintiffs to abate an alleged nuisance,
and from commencing or prosecuting any proceedings against

the plaintiffs on account of the alleged nuisance, filed February 8, 1900.

The defendants demurred on the grounds, that the plaintiffs had not stated a case which entitled them to relief in equity, and that they had an adequate remedy at law.   In the Superior Court *Mason*, C. J., made a decree sustaining the demurrer and dismissing the bill; and the plaintiffs appealed.

*F. M. Forbush*, for the plaintiffs.

*S. K. Hamilton*, for the defendants.

MORTON, J.   The defendants are the board of health of the town of Wakefield, and as such, it is alleged in the bill, have adjudged that a nuisance exists on the premises of the plaintiffs and have ordered them to abate it.   The bill has been brought to restrain the defendants from entering on the plaintiffs' premises and abating the alleged nuisance and also to enjoin them from commencing or prosecuting any proceedings against the plaintiffs on account of the alleged nuisance.   There was a demurrer to the bill which was sustained and a decree was entered dismissing the bill. . The plaintiffs appealed.   Before the hearing on the demurrer the case had been sent to a master on the question of injunction and he had made a report.   That report, however, is not before us though reference to it is made in the defendants' brief.

If the allegations of the bill are correct, and on demurrer they must be assumed to be, the case discloses a rather unusual condition of things.

The adjudication that there was a nuisance on the plaintiffs' premises was in the very first part of February, almost in midwinter.   The nuisance, if there was one, consisted, it is alleged, of decayed and partially decayed and rotten vegetable matter, — stumps, roots, bushes, limbs, and perhaps peat and muck.   This matter was on land which was then several feet above the lake, and likely to continue so, it is alleged, except for some unusual flow of water.   Taking the time of year and the nature and situation of the alleged nuisance into account, it is somewhat difficult to understand how the board of health could have come to the conclusion that there was a nuisance, or how there could have been any danger of pollution to the water supply.

But the board of health has adjudged that a nuisance existed

and has ordered it to be abated by the plaintiffs. And the question is whether they can be restrained either under the general equity powers now vested in the Superior Court or otherwise from entering on the premises and abating the alleged nuisance if the plaintiffs do not abate it as ordered, and from instituting proceedings against the plaintiffs on account of their failure or neglect to comply with the order of abatement. And we are of opinion that they cannot be so restrained. The board of health acted, it is apparent, under Pub. Sts. c. 80, §§ 20, *et seq.*, and not under § 28 of the same chapter. The jurisdiction conferred by these provisions is summary in its nature and the objects to be attained by its exercise would be defeated, in many, if not most cases, if the orders of boards of health were subject to judicial examination and revision at the instance of parties affected by them before they could be carried into effect. *Belcher* v. *Farrar*, 8 Allen, 325. *Salem* v. *Eastern Railroad*, 98 Mass. 431. *Taunton* v. *Taylor*, 116 Mass. 254, 260. *Cambridge* v. *Munroe*, 126 Mass. 496, 502.

The decision of the board of health is not, however, in such cases final and conclusive to all purposes in regard to the parties interested in the question whether the thing complained of was a nuisance. *Salem* v. *Eastern Railroad, ubi supra. Miller* v. *Horton*, 152 Mass. 540. *People* v. *Board of Health*, 140 N. Y. 1. *Commonwealth* v. *Alden*, 143 Mass. 113.

It establishes for the time being that there is a nuisance, and those who act under the orders of the board of health in abating it are protected thereby while engaged in the performance of the duty thus imposed. *Miller* v. *Horton, Salem* v. *Eastern Railroad*, and *People* v. *Board of Health, ubi supra.*

But they act at their peril if it turns out in subsequent proceedings that there was in fact and in law no nuisance. *Miller* v. *Horton, Salem* v. *Eastern Railroad*, and *People* v. *Board of Health, ubi supra.*

And the question whether there was a nuisance, or whether, if there was one, it was caused or maintained by the parties charged therewith, may be litigated by such parties in proceedings instituted against them to recover the expenses of the abatement, or may be litigated by the parties whose property has been injured or destroyed in proceedings instituted by them

to recover for such loss.or damage, and may also be litigated by parties charged with causing or maintaining the nuisance in proceedings instituted against them for neglect or failure to comply with the orders of the board of health directing them to abate the same. *Miller* v. *Horton, Salem* v. *Eastern Railroad, People* v. *Board of Health,* and *Commonwealth* v. *Alden, ubi supra.* It follows, we think, from what has been said that the Superior Court had no power under its general equity jurisdiction to inquire into the question whether there was a nuisance and to enjoin the board of health if it should turn out that in the judgment of that court there was none.

The plaintiffs contend that the Superior Court had such power under Pub. Sts. c. 80, § 26. But the power there given is not the power to stay or prevent a prosecution for causing or maintaining a nuisance, nor the power to revise the action of the board of health, but the power to stay or prevent the nuisance " until the matter is decided by a jury or otherwise." This is made plain by a reference to the original statute. See St. 1827, c. 88.

The plaintiffs further contend that in the allegations of the bill the nuisance, if there was one, consisted in the pollution of a water supply and that jurisdiction over such matters is vested under St. 1897, c. 510, exclusively in the State board of health. But we think that there is nothing in that statute which takes away or limits the power of local boards of health to deal with nuisances in their respective jurisdictions. The statute does not in terms provide that the jurisdiction of the State board of health over matters affecting the purity of the sources of water supply shall be exclusive. On the contrary it provides in § 7 that, except as to the repeal of St. 1890, c. 441, the " act shall not be construed to impair or repeal any existing provision of law in regard to the pollution of springs, streams, ponds or water courses, or the prevention of such pollution, or the powers and jurisdiction of any court relating to the prevention of such pollution." Under the general authority which is thus reserved under existing laws to other tribunals we think that it is within the power of local boards of health to examine into nuisances which may be injurious to the health of the inhabitants by affecting the purity of the water supply as well as into other causes of sickness. Pub. Sts. c. 80, § 20. Moreover the method of pro-

cedure provided for the State board of health is entirely different from that of local boards of health, and in the absence of any provision to that effect we should hesitate to hold that it was intended to do away with the prompt and summary remedy afforded by application to local boards of health. Whether the matter might not have been brought in the first instance before the State board of health we need not decide.

If we assume as we are bound to upon the allegations in the bill and the demurrer that the action of the board of health was instigated by the water company, the fact remains that the board has adjudged that a nuisance exists, and the question what influences or motives may have set the board in motion is immaterial. And if it be true as alleged that action was taken with a view to affect proceedings in the suit pending in the Superior Court between the plaintiffs and the water company that also furnishes no ground for interference with the board of health. It often happens that the proceedings in one tribunal are affected or may be affected by action taken by another tribunal. Such action may even be taken with that purpose in view so long as it is within the jurisdiction of the tribunal that acts, and may also be at the instance of one of the parties to the proceedings in the other tribunal.

The order of the board of health of Wakefield cannot apply to a nuisance in the town of Stoneham and must be taken as limited in its scope to the town of Wakefield. The objection, therefore, that it is in excess of their jurisdiction is not well founded.

*Decree affirmed.*