# Bush *v.* Kirkbride.

*Action upon Injunction Bond.*

1. *Injunction bond; liability thereon.*—The liability on an injunction bond in respect of costs and charges incurred by the persons enjoined, is not limited to such as are incident to efforts to have the injunction dissolved, but it includes fees of counsel for investigation of the respondent's status and rights with reference to the injunction, for his advice thereon, and for services rendered in any proceeding or effort which has ror its purpose the lifting of the restraint of the writ; and it matters not whether this end be sought through a motion to dissolve the injunction, or a motion to discharge it, or through a motion to dismiss the bill for the want of equity, or through a dismissal of it on pleadings and proof, where the injunctive relief is the sole purpose and prayer of the bill.

2. *Same; same; case at bar.*—Where, upon the filing of a bill and the giving of a bond as conditioned by law, an injunction is issued restraining the defendants not to do a certain act within a time designated, and which they are without power to do after the lapse of such time, if after the expiration of such designated time, the injunction suit is dismissed upon motion of the complainant, the defendants, who were so restrained, can, in a suit upon the injunction bond, recover the damages sustained by them, which includes the fees for the services of the attorney rendered in their behalf in such proceeding.

[Bush v. Kirkbride.]

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WILLIAM S. ANDERSON.

This was an action brought by the appellees, Edwin B. Kirkbride, A. S. Lyons, H. T. Inge, Cary W. Butt and others, against the appellant, J. Curtis Bush, in which the plaintiffs sought to recover $250 for the breach of the conditions of an injunction bond made by the defendant on March 14, 1900, which bond was payable to plaintiffs and one Delchamps in the sum of $1,000 and conditioned for the payment of all damages which any person might sustain by the suing out of a certain injunction, which the said J. Curtis Bush had prayed for and obtained against the plaintiffs. The defendant pleaded the general issue, and the trial was had upon issue joined on this plea.

On the trial the following facts were disclosed: On March 14, 1900, J. Curtis Bush, describing himself as a citizen and tax payer of the city of Mobile, filed a bill in the chancery court of Mobile county against the said Edwin B. Kirkbride, A. S. Lyons, H. T. Inge, C. W. Butt and others, the plaintiffs in the present suit. It was averred in the bill that the respondents thereto were, on March 1, 1897, elected as members of the general council of the city of Mobile and qualified as such officers of said city on March 15, 1897; that their terms of office was for three years; that the general council of said city, so elected in March, 1897, at its first meeting after its members had qualified, proceeded to elect the municipal officers of the city of Mobile, which, under the charter of said city, were elected by the general council, and that these officers, so elected, were to hold office for three years and until the third Monday in March, 1900. It was then averred in said bill that the defendants, whose term of office expired on March 19, 1900, at 12 o'clock, noon, in contravention and violation of the charter of Mobile, were attempting to elect the officers of said city before the then general council retired from office; that in accordance with the intention to so elect said officers, said general council had met on March 7, 1900, and adjourned until March 12, 1900; that on March 12 they had adjourned until March 14,

[Bush v. Kirkbride.]

at 7 o'clock p. m. After averring that the election so attempted to be held, if permitted, would be in violation of the charter of the city and in contravention of the custom which had long existed, the complainant in said bill prayed for an injunction to be issued restraining the defendants as members of the general council of the city of Mobile "from proceeding at said meeting to be held on March 14, 1900, at 7 o'clock p. m. or at any other meeting, whether in the day or at night, intervening between said March 14, 1900, at 7 o'clock p. m. and March 19, 1900, both of said dates inclusive, to elect any officer or employees for the city of Mobile, elective by the general council of said city. Upon this bill being presented to the judge of the Thirteenth Judicial Circuit, he ordered that upon the complainant entering into a bond for $1,000 conditioned as required by law, an injunction should be issued granting the prayer of the bill. The complainant in said bill executed the bond for the injunction which is here sued upon, and thereupon the writ of injunction was issued out of the chancery court on March 14, 1900, was served upon the respondents to said bill, who are the complainants in the present suit, and enjoined them as members of the general council of the city of Mobile from proceeding at any time from March 14, 1900, to March 19, 1900, at noon, to the election of any officers for the city of Mobile which were to be elected by the general council of said city.

On March, 16, 1900, the defendants, through their attorney, filed a motion to discharge the injunction. Notice of this motion was duly served and service accepted by the solicitor for the complainant.

On March 19, 1900, at 12:50 o'clock p. m. the solicitor for the complainant in said bill made a motion addressed to the register of the chancery court to dismiss said suit upon the following grounds:. 1st. The injunction issued was against defendants as members of the general council of the city of Mobile, and that the term of office of each of said defendants had expired by law on March 19, 1900, at 12 o'clock, noon, and that, therefore, as said defendants were not in office and no relief is sought against their successors in office, the

[Bush v. Kirkbride.]

writ of injunction sued out should be abated. 2d. Because under said facts the injunction formerly issued could not be made perpetual against said defendants. Upon the hearing of this motion the register granted the same and dismissed the cause out of said court.

The plaintiffs then introduced evidence which showed that upon service of the writ of injunction upon them they consulted a lawyer, who, after investigating the question and examining the records and proceedings in said cause, advised them as to the course to pursue; that said lawyer made a motion to discharge the injunction, prepared the necessary papers in the case, and that the services of the plaintiff's attorney in such injunction suit were reasonably worth $150.

The defendant in said cause sought to introduce evidence to show that under the charter of the city of Mobile the plaintiffs in the present suit who were the defendants in the injunction suit, were without authority to hold the election which was enjoined. This evidence, upon the objection of the plaintiffs, was not allowed to be introduced.

Upon the introduction of all the evidence, the court, at the request of the plaintiffs, gave the general affirmative charge in their behalf. To the giving of this charge the defendant duly excepted.

There were verdict and judgment for the plaintiffs, assessing their damages at $100. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

B. B. BOONE, for appellants, cited *Ex parte Sayre*, 95 Ala. 202; *E. & W. R. R. Co v. E. T. V. & G. R. R. Co.*, 75 Ala. 375; *Jones v. Ewing*, 56 Ala. 362; *Bolling v. Tate*, 65 Ala. 417; *Cooper v. Hames*, 93 Ala. 280; *Jackson v. Millspaugh*, 100 Ala. 287; *Andrews v. Glenville Woolen Co.*, 50 N. Y. 282.

GREGORY L. & H. T. SMITH and PHARES COLEMAN, *contra.*—The voluntary dismissal of a bill upon which an injunction has been issued not only dissolves the injunction, but entitles the defendant to recover upon the

[Bush v. Kirkbride.]

injunction bond.—16 Am. & Eng. Ency. Law (new series), 456; *Ziegler v. Davis,* 23 Ala. 127; *Pa. M. S. S. Co. v. Toel,* 85 N. Y. 646.

And the merits of the injunction suit cannot be inquired into as a justification for the injunction.—High on Injunction, § 1652; 16 Am. & Eng. Ency. Law (new series), 458; *Smith v. Wells,* 46 Miss. 64; *Yale v. Baum,* 11 So. Rep. 879; *P. M. S. Co. v. Toel,* 85 N. Y. 646; *Andrews v. Glenville W. Co.,* 50 N. Y. 282.

If they could, it would be certain that an injunction could not issue to prevent an election, which if rightful would be valid, and if unauthorized would do no injury, but simply would not entitle the party elected to hold the office.—16 Am. & Eng. Ency. Law (new series), 423; 10 Am. & Eng. Ency. Law (new series), 816.

McCLELLAN, C. J.—The *condition* to liability on an injunction bond is the dissolution of the injunction. The *liability* on the bond when the injunction has been dissolved is for all damages and costs sustained by any person in consequence of the suing out of the writ. This liability is by no means limited in respect of costs and charges incurred by the persons enjoined to such as are incident to efforts to have the injunction dissolved. Those are not the only costs and charges which approximately result from the issuance of the writ and grow out of efforts on the part of the respondents affected by it to be relieved from its operation. The fees of counsel for investigation of respondents' status and rights with reference to the injunction, and for his advice thereon, and for services rendered in any proceeding or effort the purpose of which, and the effect of which if successful, is to lift the restraint of the writ, whether this be sought to be done through a motion to dissolve the injunction, or a motion to discharge it, or through a motion to dismiss the bill for want of equity or a dismissal of it on pleadings and proof at the hearing where, as in the case at bar, injunctive relief is the sole purpose and prayer of the bill, constitute damages sustained by the suing out of the injunction, and are recoverable as such by suit on the bond when the injunction has in point of fact been in any

way or for any cause dissolved; and this upon the very letter of the statute and the bond given in conformity to it.—Code, § 788; *Jackson et al. v. Millspaugh et al.,* 100 Ala. 285. Nor is it conceived that the fact that the purpose sought to be effectuated by the injunction may be accomplished and is accomplished before the dissolution, and before the efforts of the respondents to be relieved from its restraint are successful, as where the respondents are enjoined not to do an act which they cannot do after a certain time, and the writ, issued in accordance with the prayer of the bill, restrains them from the doing of that act within the time in which only it is possible for them to do it at all, so that the mandate of the writ has expired by its own terms before dissolution, can have any material bearing toward the exoneration of the bond. In the case at bar the respondents as public officers were enjoined from doing a certain official act for a specified time. The expiration of that time was coincident with the expiration of their terms of office as appears by the bill. Subsequently, the writ having in fact performed the functions of a perpetual injunction, and this without a hearing, the complainant dismissed his bill, and thereby dissolved the injunction. And it is contended that the injunction having fully performed its office, according to the prayer of the bill and its own terms, it no longer existed for any purpose and could not be and was not and can never be dissolved. The position is without merit. In this country the prevailing doctrine is that notwithstanding the time within which the writ is operative has lapsed, the injunction continues to legally exist until it is dissolved by the court. The injunction in this case did not simply pass out of existence upon the expiration of the time of its operation, but it was *dissolved* by the subsequent dismissal of his bill by the complainant. We have then in this case every constituent of liability on the bond sued on: The suing out of the writ, evidence of damages sustained by plaintiffs by the suing out of it, and its dissolution; and, therefore, the court properly gave the affirmative charge for the plaintiffs, and also charge 2 requested by them .

Affirmed.