# E. J. PELKEY v. NATIONAL SURETY COMPANY AND ANOTHER.[1]

## June 27, 1919.

## No. 21,289.

**Injunction — action on bond — recovery of counsel fees.**

1. When the sole purpose of an action is to secure a permanent injunction, and a temporary injunction giving substantially the relief prayed is issued and remains in effect during the pendency of the action, and judgment is rendered in favor of the defendant, the reasonable value of counsel fees incurred in defending the action is recoverable in an action on the injunction bond.

**Same — bar to action.**

2. In an action on an injunction bond the defendants cannot relitigate the merits involved in the action for an injunction; and where the action was to enjoin the maintenance of an ice house and the carrying on of an ice business on certain premises, an order of the city inspector of buildings made about the time of the commencement of the action directing the tearing down of the ice house is not a bar to an action on the injunction bond.

**Eminent domain — due process of law — order of municipal officer.**

3. If the defendants in the action on the bond can avail themselves of the order of the building inspector as bearing upon the question of damages, the validity of the order is subject to attack by the plaintiff. An order of a municipal officer or board, in the exercise of a police power, restricting the use of property or ordering its destruction may not amount to the taking of property without due process and the owner may not be entitled to an injunction, but at some time and in some way he is entitled to have determined in a judicial proceeding the rightfulness of the taking or destruction.

**Damages — evidence.**

4. The plaintiff sustained some damage, aside from counsel fees incurred, by reason of the injunction. Whether his evidence shows any loss of profits is in doubt, and if there was a loss it was small.

Action in the district court for Hennepin county to recover $2,000 on

[1] Reported in 173 N. W. 435.

an injunction bond. Among other matters the answer alleged that the building in which ice was stored was duly reported by the inspector of buildings as unsafe to be used for the purpose of storing ice and that in December, 1916, and again in January, 1917, he duly made and caused to be made further examinations of the building and found as a fact that the same and particularly the walls thereof were in a dilapidated and dangerous condition, and that the building itself, or what remained thereof, was unsafe for the purpose for which it was intended and used. The case was tried before Jelley, J., who at the close of the testimony denied plaintiff's motion for a directed verdict and granted defendants' motions for directed verdicts. From an order denying his motion to set aside the verdict and for a new trial, plaintiff appealed. Reversed.

*George S. Grimes* and *Jesse Van Valkenburg,* for appellant.

*C. A. & V. C. Pidgeon* and *Benton & Morley,* for respondents.

DIBELL, J.

This is an action on an injunction bond. A verdict was directed for the defendants at the close of the testimony. The plaintiff appeals from the order denying his motion for a new trial.

1. On January 11, 1917, Clara Holzschuh, now deceased, of whom the defendant Richard P. Holzschuh is the administrator, commenced an action against the plaintiff Pelkey to permanently enjoin him from storing ice and carrying on an ice business upon certain premises in Minneapolis. Upon order to show cause a temporary injunction was issued on March 6, 1917. The trial resulted in a judgment on the merits for Pelkey. This action is on the injunction bond given by Mrs. Holzschuh with the defendant National Surety Company as surety.

The plaintiff seeks to recover as one item of his damages the reasonable value of the services of his counsel in defending the action. It was held that he was not entitled to recover counsel fees. The bond is "conditioned for the payment to the party enjoined of such damages as he shall sustain by reason of the writ, if the court finally decides that the party was not entitled thereto." G. S. 1913, § 7891. An action on the bond is the only remedy of the party enjoined, unless there be malice.

Hayden v. Keith, 32 Minn. 277, 20 N. W. 195. The right to damages depends upon the construction of the bond.

By the temporary injunction it was directed "that pending the final determination of said cause and the judgment of the court therein, the defendant, his agents, employees and servants refrain from filling, storing and keeping ice upon the above described premises, except such as was placed thereon prior to the commencement of this action, and from carrying on the business complained of in the complaint herein."

The prayer of the complaint was "that defendant, his agents and employees, be forever restrained and enjoined from storing ice in or upon said premises and from carrying on an ice business upon and from said premises." And there was a prayer for a temporary injunction which was issued in the form quoted above.

The purpose of the action was to obtain a permanent injunction restraining Pelkey from making the designated use of this property. There was no other. Nothing else was wanted. It was distinctly an action for an injunction and not an action to which an injunction was incidental. It is held upon good authority that when the temporary injunction is ancillary to the main action counsel fees incurred in defending such action are not recoverable in an action on the injunction bond. Lamb v. Shaw, 43 Minn. 507, 45 N. W. 1134, is such a case. But where the sole purpose of the action is to obtain a permanent injunction counsel fees incurred in defending the main action are by like good authority damages within the terms of the injunction bond. Weierhauser v. Cole, 132 Iowa, 14, 109 N. W. 301, and cases cited; Loofborow v. Shaffer, 29 Kan. 415; Raupman v. City of Evansville, 44 Ind. 392; Bush v. Kirkbride, 131 Ala. 405, 30 South. 780; Jackson v. Millspaugh, 100 Ala. 285, 14 South. 44; Curry v. American, etc., Co. 124 Ala. 614, 27 South. 454; Jamison v. Dulaney, 74 Miss. 890, 21 South. 972. A good collection of cases is found in a note in 16 L.R.A. (N.S.) 49, 69. And see note 8 Ann. Cas. 715; 13 Ann. Cas. 262; Ann. Cas. 1912D, 715; 1 Joyce, Inj. § 203; 22 Cyc. 1053.

The cases are not in harmony, but Nielsen v. City of Albert Lea, 87 Minn. 285, 91 N. W. 1113, brings the case before us within the doctrine stated. A plaintiff who seeks a permanent injunction only, and can get and takes a temporary injunction giving him the same relief temporarily,

is much in the position of one taking execution before judgment, and if he fails to get a judgment it is not harsh that he be required to pay the damage he has caused. There is nothing strained in holding, as is held in the line of cases cited above, that the value of services of counsel in defending the main action is an item of damage within the terms of the bond, and a contrary construction is permissible. The plaintiff is entitled to recover the reasonable value of the services of his counsel in defending the main suit.

2. On January 15, 1917, the building inspector of Minneapolis served notice on Pelkey to tear down his building and remove the débris. This order was made under authority of an ordinance of the city. The record does not show that anything further was done. The defendants now claim that this order is a bar to an action on the bond. We think this is not so.

In a suit on the injunction bond the plaintiff in the injunction suit cannot relitigate the matters there involved. Terre Haute & I. R. Co. v. Peoria, etc., R. Co. 182 Ill. 501, 55 N. E. 377; Nansemond Timber Co. v. Rountree, 122 N. C. 45, 29 S. E. 61; Revell v. Smith, 25 Okla. 508, 106 Pac. 863; Fullerton v. Pool, 9 Wyo. 9, 59 Pac. 431; Sipe v. Holliday, 62 Ind. 4; Citizens, etc., Co. v. Ohio Valley Tie Co. 138 Ky. 421, 128 S. W. 317; Slack v. Stephens, 19 Colo. App. 538, 76 Pac. 741. In the injunction suit the plaintiff did not claim anything by virtue of the order of the building inspector, though it was alleged that the defendant had been refused a license to repair, and it was found by the court to be so because of neighborhood influences. Perhaps she could not, but if it is a bar now it was then a valid ground of affirmative action, and cannot now be asserted as a bar. The issue was whether Pelkey had the right to continue his ice business and the judgment determined that he had.

It may be noted that the injunction goes farther than the order of the building inspector. It restrains Pelkey from using his premises for the storage of ice, except such as was there prior to the commencement of the action, and restrains him from carrying on his ice business on the premises. Evidence was offered that he could have carried on an ice business without the ice house. In any event the injunction was broader than the order.

3. Whether the order of the building inspector has a bearing on any phase of the controversy, as for instance upon the amount of damages, we do not consider at length. Nor do we say anything of the validity or construction of the ordinance. It is clear enough though that the order of the building inspector was not final and conclusive. Pelkey by the terms of the ordinance might have been prosecuted for noncompliance with the inspector's order. No one claims that he could be convicted merely because he did not comply with the order, unless his building was something in the nature of a nuisance. Were it otherwise the building inspector could require the residents of a respectable residence street to tear down their dwellings with the alternative of being adjudged guilty of an offense and in the same way could affect business districts. Municipal officers and boards in the exercise of the police power often command and enforce restraints upon the use of private property which do not amount to the taking of property without due process, although there is no hearing, and from the doing of which they cannot be enjoined. Sings v. Joliet, 237 Ill. 300, 86 N. E. 663, 22 L.R.A.(N.S.) 1128, 127 Am. St. 323; Stone v. Heath, 179 Mass. 385, 60 N. E. 975; People v. Department of Health, 189 N. Y. 187, 82 N. E. 187, 13 L.R.A.(N.S.) 894; North American, etc., Co. v. Chicago, 211 U. S. 306, 29 Sup. Ct. 101, 53 L. ed. 195, 15 Ann. Cas. 276. But an owner whose property has been interfered with or taken has at some time and in some form the right to have it judicially determined whether the interference and taking were rightful. Hennessy v. City of St. Paul, 37 Fed. 565; Lowe v. Conroy, 120 Wis. 151, 97 N. W. 942, 66 L.R.A. 907, 102 Am. St. 983, 1 Ann. Cas. 341; People v. Board of Health, 140 N. Y. 1, 35 N. E. 320, 23 L.R.A. 481, 37 Am. St. 522; City of Orlando v. Pragg, 31 Fla. 111, 12 South. 368, 19 L.R.A. 196, 34 Am. St. 17; Sings v. Joliet, 237 Ill. 300, 86 N. E. 663, 22 L.R.A.(N.S.) 1128, 127 Am. St. 323.

There is not much in the claim that the plaintiff is collaterally attacking the order of the inspector. The defendants are seeking to take advantage of it collaterally. The order may not be of further importance and we pass it without further remark.

4. The plaintiff sustained some damage. He had something like 150 tons of ice stored before the injunction and the injunction prevented the use of his premises except for such ice as was placed there prior to the

commencement of the action, which was in January. There was a little salvage but there was direct damage to the extent of perhaps $100, and perhaps there was some loss by arranging for ice the storage of which was prevented by the injunction. It was but a trifle. Whether the plaintiff can recover for loss of the profits of his business for 1917 is doubtful. He had at the most a place to store ice, an ice route, and an equipment of horses and wagons. He discontinued his ice route the preceding August because of inability to supply ice. He then had little left of an established business. He did not harvest or manufacture ice but bought and stored it for distribution. His equipment he used in 1917 advantageously on city work. His evidence of loss of profits was slight and uncertain and at the best would justify the award of but a small or perhaps only a nominal sum.

Order reversed.