**NEWMECH COMPANIES, INC.,**
a Minnesota corporation,
**Appellant,**

v.

**INDEPENDENT SCHOOL DISTRICT NO. 206, a Minnesota public corporation, Respondent,**

**Manning Mechanical, Inc., a North Dakota corporation, Respondent.**

No. C5–96–1434.

Court of Appeals of Minnesota.

Jan. 28, 1997.

Gerald S. Duffy, Siegel, Brill, Greupner & Duffy, P.A., Minneapolis, for appellant.

John C. Lervick, Swenson, Lervick, Syverson & Anderson, Ltd., Alexandria, for respondent Independent School District No. 206.

Brad A. Sinclair, Serkland, Lundberg, Erickson, Marcil & McLean, Ltd., Fargo, ND, for respondent Manning Mechanical, Inc.

Considered and decided by SHORT, P.J., and RANDALL and DAVIES, JJ.

## OPINION

DAVIES, Judge.

Appellant NewMech Cos., Inc. (NewMech), challenges the district court's award, from an injunction bond, of attorney fees to respondents, claiming that the district court misinterpreted the injunction bond law. We reverse and remand.

## FACTS

NewMech commenced an action alleging that respondents Independent School District No. 206 (School District) and Manning Mechanical, Inc. (Manning), violated Minn. Stat. § 177.41 (the Prevailing Wage Act) in contracting for Manning to provide the mechanical portions of a new school. NewMech, which had submitted the second lowest bid, sought a declaratory judgment that: (1) the School District, in letting bids, was required to comply with the Prevailing Wage Act; (2) the award of contracts to Manning violated the Prevailing Wage Act; and (3) the School District must rebid the mechanical contract to comply with the Prevailing Wage Act. NewMech also sought to enjoin Manning from beginning work on the school building and the School District from issuing bids and awarding contracts in violation of the Prevailing Wage Act.[1]

On June 16, 1993, the district court: (1) temporarily enjoined the School District and Manning from carrying out any activities in connection with their contract for the mechanical elements of the school; and (2) required NewMech to file a $50,000 bond or other security to cover expenses arising from the temporary injunction, payable if the injunction was ultimately found to have been wrongfully issued. *See* Minn. R. Civ. P. 65.03(a) (temporary injunction is not to be issued without the appellant giving security to cover costs and damages incurred by party wrongfully enjoined).

Four weeks later, on July 12, 1993, the district court dismissed the complaint on the merits and awarded reasonable costs and disbursements to the School District and Manning. NewMech appealed, this court reversed in part, and the Minnesota Supreme Court, in turn, reversed this court's decision and affirmed the district court's judgment against NewMech. *NewMech Cos. v. Independent Sch. Dist. No. 206 and Manning*

1. The United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry, Local 126 (Local 126), a labor organization, and three mechanical contractors who resided in and were taxpayers in the school district also filed a complaint against the School District. The complaints of NewMech, Local 126, and the taxpayers were consolidated, but NewMech is the only complainant with an interest in this appeal.

*Mechanical, Inc.*, 540 N.W.2d 801 (Minn. 1995).

The School District and Manning then moved the district court for attorney fees incurred at the district court level and in connection with their appeals to this court and the Minnesota Supreme Court. They asked that payment be made from the injunction bond. The district court granted the motion, awarding $33,726.51 in attorney fees to the School District and $19,389 to Manning.

## ISSUE

Was it error for the district court to order that all the attorney fees incurred by the School District and Manning be paid from the injunction bond posted by NewMech?

## ANALYSIS

■ A reviewing court is not bound by and need not give deference to a trial court's decision on a purely legal issue. *Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n*, 358 N.W.2d 639, 642 (Minn.1984).

■ Attorney fees for defending a motion for a temporary injunction are recoverable from an injunction bond if the injunction is dissolved when trial on the merits determines that the party who obtained the temporary injunction was not entitled to that relief. *Lamb v. Shaw*, 43 Minn. 507, 508, 45 N.W. 1134, 1135 (1890). Only those expenses that are "naturally incidental" to the issuance of the injunction may be recovered from the injunction bond. *Nielsen v. City of Albert Lea*, 87 Minn. 285, 287, 91 N.W. 1113, 1114 (1902). According to *Lamb* and *Nielsen*, the School District and Manning are entitled to recover, from the bond, attorney fees incurred resisting the issuance of the injunction.

■ The School District and Manning are not entitled, however, to attorney fees and expenses related to defending the substantive claims for declaratory relief and permanent injunction. NewMech asked for a temporary injunction only to preserve the status quo until the legality of the Manning contract could be determined.

To recover on an injunction bond, the one seeking damages must establish that he suffered damages proximately caused by a restraining order to which the opposing party was not entitled.

*Hubbard Broadcasting, Inc. v. Loescher*, 291 N.W.2d 216, 219–20 (Minn.1980) (footnote omitted).

The School District and Manning rely on *Pelkey v. National Sur. Co.*, 143 Minn. 176, 179, 173 N.W. 435, 436 (1919) (party temporarily enjoined may recover attorney fees incurred in defending substance of complaint if sole relief sought was injunction because attorney fees accrued defending substance of complaint are then "an item of damage within the terms of the bond"). We decline to rely on *Pelkey* for two reasons.

First, this case does not fit within *Pelkey*'s one-form-of-relief test. Few cases do, in fact, meet the *Pelkey* test, for "[i]njunctive relief is a remedy and not, in itself, a cause of action, and a cause of action must exist before injunctive relief may be granted." *Ryan v. Hennepin County*, 224 Minn. 444, 448, 29 N.W.2d 385, 387 (1947) (quoting *Shell Oil Co. v. Richter*, 52 Cal.App.2d 164, 125 P.2d 930, 932 (1942)).

■ Second, *Pelkey* fails to identify the controlling principle: that the bond required for an injunction covers only expenses arising from the *delay* caused by the injunction if wrongfully issued. *Hubbard*, 291 N.W.2d at 219–20. The heart of the matter is delay. In this case, there were no actual costs from delay. The district court issued the temporary injunction on June 16 and decided the underlying issue and lifted the injunction just four weeks later, on July 12. Construction of the school building went ahead during that four-week period because the mechanical work covered by the Manning contract was not yet required. The only costs arising from the injunction were the attorney fees expended opposing it.

■ Manning and the School District are entitled to no more attorney fees for litigating the merits of the underlying action, which is independent of the injunction *delay* issue, than a party to any other civil action would be. Respondents point to no statutory or

contractual authority for imposing attorney fees in the action. It is well established that, in general, there must be either statutory or contractual authority before attorney fees will be awarded. *State by Spannaus v. Carter*, 300 Minn. 495, 497, 221 N.W.2d 106, 107 (1974).

### DECISION

No fees or expenses incurred in connection with the substantive claim or the two prior appeals are recoverable from the injunction bond. Because there is no clear delineation of what portion of the total attorney fees went toward opposing the motion for a temporary injunction, we remand for the district court to determine and order payment of the amount of fees and expenses reasonably and necessarily spent defending against the temporary injunction.

**Reversed and remanded.**